[Civ. No. 8317. Second Appellate District, Division Two.—April 24, 1934.]

WILLIAM C. McDUFFIE, as Receiver, etc., Appellant, v. CALIFORNIA TEHAMA LAND CORPORATION (a Corporation), Respondent.

Gibson, Dunn & Crutcher and A. E. Pennekamp for Appellant.

Aaron N. Cohen and John L. McNab for Respondent.

ARCHBALD, J., *pro tem.*—Appeal by plaintiff from an order changing the place of trial from Los Angeles County to the city and county of San Francisco.

Plaintiff, as receiver of the Richfield Oil Company of California, filed his complaint in the Superior Court of Los Angeles County against defendant corporation for the recovery of the unpaid balance of a certain sum which it is alleged defendant agreed to pay in monthly installments of $1,000 each. The complaint alleges the corporate existence of both parties but does not allege where the principal place of business of either is located.

Defendant interposed a demurrer to the complaint and filed therewith its notice of motion for an order transferring the place of trial from Los Angeles County to the city and county of San Francisco, upon the sole ground that its principal place of business was in the latter named place. An affidavit of the president of defendant corporation was also filed therewith, stating that the principal place of business of the corporation at the time of the commencement of the action was in said city and county of San Francisco. On the hearing of such motion plaintiff, by leave of court, filed its affidavit in opposition to the motion, which stated substantially that at all times mentioned in the complaint the principal place of business of said Richfield Oil Company was in Los Angeles, that the indebtedness referred to in the complaint was payable in said county and that the breach of defendant's obligation to pay occurred there. The matter was continued, over plaintiff's objection, to give defendant an opportunity to file additional affidavits in support of its motion, and on the day set an affidavit was filed by it which denied that the indebtedness was payable in Los Angeles County, or that the alleged breach of obligation to pay occurred there, and alleged, "but that in truth and in fact the said obligation arose, was contracted for and was to be performed at and in the city and county of San Francisco."

■ Article XII, section 16, of the Constitution, permits a plaintiff "at his option" to sue a corporation in the county (1) where the contract is made, (2) where it is to be performed, or (3) where the obligation arises, or (4) the breach occurs, or (5) in which defendant's principal place of business is situated. It is well settled that the language "may be sued" means not merely that the action may be commenced, but that it may be prosecuted to final judgment, unless the defendant can allege and show some sufficient

ground for a change of the place of trial other than the mere fact that the residence of the corporation is in another county. (*Cook* v. *W. S. Ray Mfg. Co.*, 159 Cal. 694 [115 Pac. 318].)

Appellant urges that the nonresidence of a defendant corporation, in itself, is not a sufficient ground to support such a motion, and that the motion having been made upon that sole ground, defendant could not thereafter show as a ground therefor that the contract was not to be performed or that the liability did not arise, nor the breach occur, in Los Angeles County.

The simple reading of the section of the Constitution above cited shows that it permits such a plaintiff to choose as the forum of his action any county in the state fitting any of the various descriptions in the section; and so the cases all hold, as well as that the mere fact of nonresidence alone is not a sufficient ground for changing the place of trial. (*Cook* v. *W. S. Ray Mfg. Co.*, *supra; Lakeside Ditch Co.* v. *Packwood C. Co.*, 50 Cal. App. 296 [195 Pac. 284], *Rowe* v. *Policy Holders Life Ins. Assn.*, 131 Cal. App. 339 [21 Pac. (2d) 443], and many others.) ▮ It is equally true that on appeal from an order granting a motion the respondent cannot rely upon a ground not specified in his notice of motion to support such order. (*McDonald* v. *California Timber Co.*, 151 Cal. 159, 161 [90 Pac. 548].)

In order to apply the rules stated it is necessary to keep in mind the distinction between the several grounds upon which a motion for change of venue may be made under section 397 of the Code of Civil Procedure and the various grounds or provisions of said article XII, section 16, of the Constitution, under which a plaintiff may determine in what county he may bring his action against a corporation defendant.

▮ Under section 395 of the Code of Civil Procedure a personal action must be tried in the county in which the defendants, or some of them, reside at the commencement thereof. Section 396 of the same code in effect provides that an action may be tried in any county of the state unless the defendant at the time he answers or demurs files an affidavit of merits and in writing demands a trial in the proper county; and section 397 authorizes the court, on motion to change the place of trial when the county designated in

the complaint is not the proper county, as well as specifying other grounds for such a motion. In view of the section of the Constitution above mentioned it will be seen that section 395 of the Code of Civil Procedure does not refer to corporations, and in consequence, as the cases cited hold, the mere fact that the action is not brought in the county of a defendant corporation's residence does not establish a ground, or "case", for changing the place of trial under section 397 of that code. ■ Defendant's notice of motion and the supporting affidavit in the instant case do not urge nor support a sufficient ground to bring the case within subdivision (1) of section 397, *supra*. Undoubtedly if the motion had been submitted on the complaint and supporting affidavit the court would have erred in granting it. (*Chase* v. *South Pacific C. R. Co.*, 83 Cal. 468 [23 Pac. 532].) If, however, the complaint itself showed that the facts establishing venue, other than residence, could not exist, a defendant corporation would be entitled as a matter of right to the transfer of the case to the county of its residence, inasmuch as the record before the court on the motion would then show that it was not brought in the proper county. (*Krogh* v. *Pacific Gateway etc. Co.*, 11 Cal. App. 237 [104 Pac. 698].) Such, however, is not the case here.

■ Appellant's affidavit in opposition to the motion, which showed that the principal place of business of the Richfield Oil Company of California was at all times mentioned in Los Angeles County, further alleged the legal conclusions which necessarily arose under the facts alleged in the complaint, in view of the residence of the creditor corporation, viz., that the indebtedness referred to in the complaint was payable to said Richfield Oil Company in Los Angeles County and that the breach of such obligation to pay occurred there. (*Burr* v. *Western States Life Ins. Co.*, 211 Cal. 568, 575 [296 Pac. 273].) Respondent's additional affidavit denies "that the indebtedness referred to in plaintiff's complaint was payable to the said Richfield Oil Company at or in the city of Los Angeles, and denies that the said defendant's alleged breach of obligation to pay the same . . . occurred in the city of Los Angeles", and alleges that the "obligation arose, was contracted for and was to be performed at and in the city and county of San Francisco, the principal place of business of said defendant

corporation''. It is such affidavit that appellant urges attempts to show a different ground for change of venue than the one set up in the notice of motion.

Strictly speaking, as we have said, the notice of motion does not set up, nor does the supporting affidavit prove, any ground for changing the place of trial fixed by section 397 of the Code of Civil Procedure, but such notice and affidavit do attempt to show that the complaint is not filed in the proper county, under subdivision 1 thereof; and although in our opinion defectively stated and not proved, yet we think the notice conveyed to plaintiff the information that such was its intention. The last supporting affidavit was an attempt to prove that the complaint was not filed in the proper county because no ground existed permitting such filing in any county other than that of the residence of the defendant corporation, viz., San Francisco County. Taking that view of the affidavit and notice of motion, does the affidavit create a conflict in the evidence on the question raised as to whether or not the debt was payable in Los Angeles County and the breach occurred there?

Certainly it cannot be said that the simple affirmation by one party in an affidavit that the contract was payable in Los Angeles County and the breach occurred there, and the denial of such affirmation in an affidavit by the other, followed by the statement by such denying party that the contract was payable in San Francisco County and that the breach occurred there, were such evidence of ultimate facts that the court by reading both affidavits could reach any fair inference as to which was the truth. Such statements might serve as allegations of ultimate facts in a pleading. (*Ellis* v. *Central California etc. Co.*, 37 Cal. App. 390, 394 [174 Pac. 407].) When we refer to ''ultimate facts'' in that connection, however, we mean the facts which it is expected the evidence will support; and in our opinion it is the conflict of evidentiary facts which binds an appellate court. An affidavit, as used here, serves the purpose of evidence, and if it contains but conclusions drawn from evidentiary facts it would seem that it takes from the trial judge his function of drawing such conclusions from the evidentiary facts, and but gives him the choice of differing conclusions. ■ In our opinion, in the two affidavits filed last, the only real evidence is the statement of the loca-

tion of the principal place of business of the Richfield Oil Company, the alleged creditor. This in consideration with the allegations of the complaint concerning the indebtedness is *evidence* from which the legal conclusions follow that the debt was payable and that the breach of the agreement to pay occurred in Los Angeles County (*Burr* v. *Western States Life Ins. Co., supra*) ; and we fail to find any *evidence* conflicting therewith. Other evidence supporting such legal conclusion is the *prima facie* case made by the venue laid in the complaint. (*Chase* v. *South Pacific C. R. Co., supra.*) In fact, it would seem that to prove the contrary would require evidence showing an express agreement to perform the contract in some county other than Los Angeles. (Civ. Code, secs. 1478 and 1488; *Burr* v. *Western States Life Ins. Co., supra.*) This is not attempted.

Order reversed.

Stephens, P. J., and Desmond, J., concurred.