[Civ. No. 1387. Fourth Appellate District.—June 3, 1935.]

CHAS. L. KAUPKE, as Treasurer, etc., Respondent, v. LEMOORE CANAL AND IRRIGATION COMPANY (a Corporation), Appellant.

H. Scott Jacobs for Appellant.

W. M. Conley, Philip Conley, Matthew Conley and Conley, Conley & Conley for Respondent.

MARKS, J.—This is an action by plaintiff as treasurer of the Kings River Water Association to recover from defendant its unpaid proportionate share of the expenses of operating the association. The action was commenced in Fresno County and defendant moved that the place of trial be changed to Kings County in which is located its principal place of business. This motion was denied and this appeal followed.

The Kings River Water Association is an unincorporated association of nineteen corporations and irrigation districts engaged in the business of the distribution of irrigation water to farmers. The association has its origin in an "Administrative Agreement" and a "Water Right Indenture" which were executed by its members, including defendant, in 1927. Its affairs are administered by a board of directors selected by its members. Chas. L. Kaupke is, and has been since the organization of the association, its secretary and treasurer.

The administrative agreement empowers the board of directors to annually estimate the cost of conducting the business of the association and to levy an assessment for these expenses as well as any indebtedness remaining from the

operations of the previous year. The board also has power to levy special assessments. It is provided that each member shall pay a fixed fractional share of such assessments.

The agreement contains the following: "That it is expressly understood and agreed that when said Association through its Board of Directors, Secretary or Treasurer shall have made upon any of the parties hereto a demand or requisition for any money, according to the terms of this Agreement, and any such party shall have failed to pay the same within sixty (60) days from the date of such requisition or demand, to the Treasurer of said association, then and in that event the sum of money so specified in said demand or requisition shall be due and payable to said Treasurer from the party hereto upon which such demand or requisition shall have been made, and such Treasurer shall have the right in his own name to sue for and collect the same from said party hereto so in default, together with all costs of suit and such reasonable attorney's fees as such Treasurer may have incurred in such action."

It appears from the record that various assessments were levied by the board of directors during the years 1927 to 1934, inclusive. Defendant paid some of these assessments in full and others in part. This action was brought to collect an alleged balance of $4,162.75, made up of assessments unpaid for more than sixty days after demand or requisition for the payment of each.

The first meeting of the board of directors of the association was held in the city of Fresno. At that meeting the office of the association was located in a building in the city of Fresno, where it has remained ever since. Plaintiff was then chosen the secretary and treasurer of the association and has had his office as such in the city of Fresno. No other offices were maintained by the association or plaintiff and all business of the association and plaintiff as its treasurer has been conducted in such office in Fresno.

It appears that all assessments were levied by the board of directors and that requisitions were regularly served by the treasurer requiring the members to pay their proportionate part of each assessment to the treasurer of the association.

It would seem established by the case of *Lakeside Ditch Co.* v. *Packwood Canal Co.*, 50 Cal. App. 296 [195 Pac. 284], that the instant case is a transitory action with its venue

fixed by the provisions of section 16 of article XII of the Constitution. That case would seem to establish the right of plaintiff to maintain the action in the Superior Court of the County of Fresno.

As we have seen, the administrative agreement provided that the unpaid assessments "shall be due and payable to said treasurer" of the association. The treasurer maintained his office in the city of Fresno in Fresno County and nowhere else. Section 16 of article XII of the Constitution provides that "a corporation or association may be sued in the county where the contract . . . is to be performed". There can be no question from the language used in the administrative agreement that this instrument placed upon each member the obligation of paying its proportion of each assessment to the treasurer, who maintained his office in the city of Fresno in Fresno County. In *Bank of Yolo* v. *Sperry Flour Co.*, 141 Cal. 314 [74 Pac. 855, 65 L. R. A. 90], it is said: "But if the contract was to be performed in Yolo County, the action was rightfully commenced there, wherever it was made, and we think the place of performance was in Yolo County. The plaintiff is a banking corporation doing business at Woodland, the county seat of Yolo, and a promise to repay money advanced by it—no other place of payment being stipulated—must be deemed a promise to pay at its bank, the only place where it can be found. . . . In a suit upon the contract of a corporation, where no place of performance is expressly stipulated, it ought to be held performable in the place where the circumstances, viewed in the light of pertinent code provisions, indicate that the parties expected or intended it to be performed."

The order appealed from is affirmed.

Barnard, P. J., and Jennings, J., concurred.