[Civ. No. 6210.  Third Appellate District.—June 23, 1939.]

H. H. HUBBARD, Plaintiff and Respondent, v. MT. RAYMOND MINING COMPANY (a Corporation) et al., Appellants; J. WESLEY SMITH et al., Defendants and Respondents.

Robert E. Hatch and Louis Bulasky for Appellants.

Wyckoff, Gardiner & Parker for Plaintiff and Respondent.

Hubert Wyckoff, Jr., for Defendants and Respondents.

THE COURT.—This is an appeal from an order denying defendants' motion for change of venue to the county of their residence. At the time the demand for change of place of trial was made the record consisted of the complaint, an answer and a cross-complaint by two of the defendants, and demurrers interposed by the two appellants herein, to the complaint and to the cross-complaint, together with the moving papers asking that the place of trial be changed from the county of Madera to the city and county of San Francisco.

The record further discloses the complaint was filed July 6, 1936, and served upon defendants J. Wesley Smith and L. M. Bradford, concededly residents of the county of Madera.

On July 10th these defendants answered, admitting all of the allegations of the complaint, including the validity of the lease set forth in the complaint, and at the same time filed a cross-complaint asserting an equitable ownership in the mining claims described in the lease, because of an alleged fraud committed by certain of the other defendants.

Thereafter the complaint was served upon defendants Mt. Raymond Mining Company, a corporation, and R. L. Bradford, who with a cross-defendant, H. M. Gardiser, appeared by demurrers and moved that the place of trial be changed from the county of Madera to their residence, the city and county of San Francisco.

Upon these facts appellants contend that the court, in determining the question of venue, was required not only to examine the complaint, but the entire record as it stood at the time the motion for the change was filed.

With this we cannot agree. It is the relief sought by the plaintiff in his complaint to which the trial court must direct its attention upon such a motion as here made.

Direct authority for this statement seems to be lacking, but consideration of section 395 of the Code of Civil Procedure et seq., and the following cases would lead to such conclusion: *Hellman* v. *Logan*, 148 Cal. 58 [82 Pac. 848]; *Quint* v. *Dimond*, 135 Cal. 572 [67 Pac. 1034]; *Bowers* v. *Modoc Land etc. Co.*, 117 Cal. 50 [48 Pac. 979].

In the complaint it is alleged that plaintiff Hubbard was the owner and possessor "of a certain leasehold interest, to-wit: an estate for the term of ten years" to certain mining claims located in the county of Madera; that the defendants claim and assert an adverse interest therein, and that plaintiff's rights should be quieted.

This complaint upon its face would appear to be an action in the usual form to determine an interest in real property, and therefore triable in the county of Madera. It would also appear that inasmuch as all of the defendants did not join in the motion to change the place of trial, the court properly refused to grant the motion.

Appellants alleged in their affidavits that the defendants J. Wesley Smith and L. M. Bradford, residents of Madera County, were unnecessary and improper parties defendants joined merely to deprive the other defendants of their right to a change of venue. At most the affidavits merely created a conflict with the allegations in the verified

complaint, which conflict the trial court resolved against appellants, and that ruling should not be disturbed. (*Lakeshore Cattle Co.* v. *Modoc Land & Livestock Co.*, 108 Cal. 261 [41 Pac. 472]; *Pacific Coast Automobile Assn.* v. *Ahlf*, 115 Cal. App. 21 [300 Pac. 841]; *Mitchell* v. *Kim*, 42 Cal. App. 111 [183 Pac. 368].)

As stated in *McClung* v. *Watt*, 190 Cal. 155 [211 Pac. 17], the allegations of the complaint upon a motion for a change of venue "do no more than 'shadow forth the semblance of a cause of action' they are 'proof against assault' on the ground that they are 'sham and frivolous' ". See, also, *Freeman* v. *Dowling*, 219 Cal. 213 [25 Pac. (2d) 980]. Also it would appear that all of the defendants having failed to join in the motion to change the place of trial, and that the action set forth in the verified complaint is an action affecting real property, the trial court was correct in denying the motion to change the place of trial.

For the foregoing reasons the order and judgment are affirmed.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 21, 1939, and the following opinion then rendered thereon:

THE COURT.—Appellants' petition for hearing herein is denied. In denying said petition, we withhold approval of that portion of the opinion wherein it is stated, "inasmuch as all of the defendants did not join in the motion to change the place of trial, the court properly refused to grant the motion".