[Civ. No. 11647. First Dist., Div. One.—June 23, 1941.]

LIMITED MUTUAL COMPENSATION INSURANCE COMPANY (a Corporation), Respondent; v. E. G. CURTIS, Appellant.

Becker & Becker for Appellant.

Keith & Creede for Respondent.

KNIGHT, J.—Plaintiff brought this action in San Francisco to recover premiums claimed to be due on three policies of workmen's compensation insurance, issued by plaintiff to defendant for the years 1937, 1938, and 1939, respectively. Defendant moved for a change of place of trial to the county of Los Angeles; and he has appealed from the order denying his motion.

Section 395 of the Code of Civil Procedure provides: "When a defendant has contracted to perform an obligation in a particular county, *either* the county where such obligation is to be performed, *or* in which the contract in fact was entered into, *or* the county in which the defendant, or any such defendant, resides at the commencement of the action, shall be a proper county for the trial of an action founded on such obligation, and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary." (Italics ours.) Defendant is a resident of Los Angeles, and in his notice of motion he stated that such would be the ground upon which he would move for a change of venue; but in his supporting affidavit he averred also "that the policies of insurance were contracted for, obtained in and the obligations if any thereunder incurred by the defendant were performed or incurred in the city of Los Angeles . . . " It is to be noted that the provisions of said section 395 are in the alternative; therefore, if the obligations arising under the contracts of insurance were "incurred" in San Francisco, such is the proper county for the trial of the action, regardless of the residence of the defendant or the question of where the contracts were negotiated or executed.

The form of policies sued upon was not embodied in or attached to the complaint; but it was shown by the affidavit filed by the plaintiff in opposition to the motion that the

1937 and 1938 policies contained this clause: "As a condition precedent, this policy is null and void unless the total initial premium stated herein is paid to the Limited Mutual Compensation Insurance Company or its agents at its office in San Francisco on or before" the date specified therein; it was also shown by said affidavit that the 1939 policy contained the same clause, except it is headed "Premium Payment Required to Make Insurance Effective", and the term "total initial deposit premium" is used in the text instead of "total initial premium". Plaintiff then goes on to aver: "At no time was there a special contract in writing entered into between plaintiff and defendant changing the county in which the contracts of insurance were to be performed from the county in which the obligation of each contract was incurred to any other county."

We agree with the trial court that the foregoing clauses were legally sufficient to justify the conclusion that the obligations imposed by the contracts were "incurred" in San Francisco, for obviously according to the plain terms of said clauses, as between plaintiff and defendant, no obligations whatever arose under the contracts until defendant performed the "condition precedent" of making the payments provided for therein to plaintiff "at its office in San Francisco". In other words, by the terms of the contracts the parties themselves fixed the time when and the place where the condition precedent should be performed to make the contracts binding and operative; and it follows, therefore, that the place where they became binding and operative is the place where the obligations thereunder were "incurred".

In a counter-affidavit defendant averred, among other things, that plaintiff maintained general offices and agents in Los Angeles for the operation of its business in that county and "that all the payments and demands were made in the city of Los Angeles, and the defendant made his payments and did pay all the premiums in the city of Los Angeles. . . . " But since the obligations arising under the contracts were by the provisions thereof incurred in San Francisco, the fact that payments were made in Los Angeles could not, in the absence of a written agreement, deprive plaintiff of the right, granted by said section 395, to bring the action in the county wherein the obligations were so incurred.

The arguments advanced and cases cited by defendant in connection with the making of said payments would doubtless be pertinent if the question of the validity of said payments were here involved. But that is not the issue. The sole question presented is one of venue, and for the reasons stated, it is our opinion that the trial court's ruling thereon should be sustained. The order is therefore affirmed.

Peters, P. J., and Ward, J., concurred.