[Civ. No. 13756.   Second Dist., Div. Two.   Dec. 18, 1942.]

FRED G. SWARTZ, Respondent, v. CALIFORNIA OLIVE GROWERS' PACKING CORPORATION (a Corporation), Appellant.

Elliott, Aberle & Dunham for Appellant.

Haight, Trippet & Syvertson and Lyle C. Newcomer, Jr., for Respondent.

MOORE, P. J.—By a contract in writing dated November 2, 1940, respondent was employed as general manager of appellant for five years and to render such duties as might be required of him in effecting an increase in the sales of its products. The writing itself makes no mention of the locus of its execution, the place of residence of appellant, or of the county in which respondent's services were to be performed, although it recites that he is "of Los Angeles." However, the complaint alleges that the agreement was to be performed in Los Angeles County.

It appears from respondent's affidavit, used on the motion to change the place of trial, that the defendant was organized in Los Angeles, November 2, 1940, and that all of those who participated directly in its organization then resided in that city or its environs. Prior to such incorporation of appellant, respondent was engaged in the advertising and marketing counsel business in Los Angeles. He conceived the plan of organizing the olive growers' industry and presented it to certain growers who later joined respondent in

the incorporation of appellant, prior to which event the same individuals agreed that respondent should be employed as such general manager and that he should maintain the principal business office of the corporation at Los Angeles. His duties included the organization of the olive growers of the state for the marketing of their products. Such growers are confined to nine counties, viz., San Diego, Riverside, Los Angeles, Kern, Tulare, Fresno, Sacramento, Butte and Tehama. With the approval of the officers and directors of the corporation, respondent promptly established the main office of the corporation in Los Angeles, from which he conducted the corporation's business until he was discharged. During the same period he maintained the corporation's bank account in the same city. Also, with the approval of all of the directors, he designated the main office as the "Head Office" and there employed accountants as well as legal and insurance counsel, both of Los Angeles. Thereafter appellant prepared and published a chart showing such facts. Respondent's discharge was effected by a notice written and delivered to him, at the same "Head Office." During the period of respondent's service, substantially all of the business of appellant was conducted in Los Angeles, where a number of the meetings of the directors was held. Through the agency of respondent the corporation acquired 1,200 acres of olive lands in Riverside County but only 189 in Kern and 40 in Tulare —which lands were managed by respondent. In all substantial respects its business was conducted for more than six months in Los Angeles County by respondent, during which period no corporate business affair was transacted in that county by respondent without the consent of the directors.

The affidavits presented to the trial court in support of its motion to remove the action to Tulare County contain some evidential facts contradictory of the matters and things averred by respondent. Particularly is it established by a preponderance of the proof that the contract was executed in Tulare County, the location of appellant's principal place of business. But the evidence is sufficient to support the implied findings (1) that it was intended by the parties that the contract should be performed in Los Angeles County, and (2) that the breach occurred therein.

Such a wide degree of latitude is allowed the trial court in deciding this ever-recurring controversy that the appellate courts will not disturb the order made upon conflicting

evidence unless it is clear that the order was the result of arbitrary action. (*Miller* v. *Collins*, 8 Cal.App.2d 10 [47 P. 2d 334]; *Hubbard* v. *Mt. Raymond Mining Co.*, 33 Cal.App. 2d 474 [92 P.2d 411, 93 P.2d 95]; 25 Cal.Jur., p. 919.) It follows that in case of such a conflict the averments of the affidavits of the prevailing party may be deemed to be the findings of the court below upon the issue of change of venue, (*Gordon* v. *Perkins*, 203 Cal. 183 [263 P. 231]; *Sourbis* v. *Rhoads*, 50 Cal.App. 98 [194 P. 521]; *C. H. Parker Co. Inc.* v. *Exeter Refining Co.*, 26 Cal.App.2d 610 [79 P.2d 1114]).

█ Inasmuch as the contract specifies no place of performance it was performable in the county in which the circumstances attendant upon the execution of the writing indicate that the parties intended as the theater of its performance. (*Lakeside Ditch Co.* v. *Packwood Canal Co.*, 50 Cal.App. 296, 297 [195 P. 284].) From the supporting papers of respondent and the finding of the trial court, the parties had no plan for respondent other than for him to conduct the transactions of the corporation from the ''Head Office'' at Los Angeles. The evidence is ample to warrant finding that such plan was executed during the tenure of respondent as the general manager. It must therefore necessarily. follow, if the parties intended the contract to be performed in Los Angeles County, and if it was breached there, that respondent properly elected to sue in the county where his action arose. (§ 16, art. XII, Constitution.) It was therefore not error to deny appellant's motion for the change.

Appellant contends that since it is shown that its domicile is in Tulare County, the burden was upon respondent to show that the contract was made or performable or that the breach occurred in Los Angeles County, citing as authority *J. P. Hammond* v. *Ocean Shore Development Co.*, 22 Cal. App. 167 [133 P. 978]. But, in the first place, as shown above, respondent successfully carried that burden, and in the second place, in the Hammond case, the corporation's motion for removal was without substantial opposition. Hammond's complaint lacked the allegations required for the maintenance of the action in the county of plaintiff's residence. He filed no affidavit in opposition to the motion for a change of venue.

█ Appellant assumes that its contentions, viz., that the contract was made and was performable in Tulare County were upheld by the trial court. Having made such assumption it contends that such findings require the removal of the

case to Tulare County, citing section 395, Code of Civil Procedure. If we grant the assumption as to the facts found, yet the code section will not avail appellant. That section does not apply to domestic corporations but is applicable only to actions against natural persons. Suits against such corporations are governed by the cited constitutional provision which authorizes the maintenance of a transitory action against a corporation in the county where the contract was performable or where the breach has occurred and in which the liability has arisen. (*Cook* v. *W. S. Ray Mfg. Co.*, 159 Cal. 694 [115 P. 318]; *Konig* v. *Associated Almond Growers*, 37 Cal.App.2d 360 [99 P.2d 678]; *McDuffie* v. *California Tehama Land Corp.*, 138 Cal.App. 245, 249 [32 P.2d 385]; *Pacific Freight Lines* v. *Pioneer Express Co.*, 39 Cal. App.2d 609 [103 P.2d 1056]; *Kaupke* v. *Lemoore Canal & Irr. Co.*, 7 Cal.App.2d 362 [46 P.2d 204].) The Konig case holds that the burden of proof is upon the defendant corporation to show that the place of filing such an action is not the proper county for the reason that a corporation as sole defendant does not have an absolute right to have the action removed to the county of its domicile merely because its legal residence is in a county other than that in which the action is commenced. In the Pacific Freight Lines case it was held that plaintiff's claim arising from his right of contribution from defendant arose in the county of the residence of plaintiff and for that reason the order removing the place of trial to the domicile of either defendant corporation was reversed. A similar situation required the affirmance of the Kaupke case. The Cook case justifies the discrimination between corporations and natural persons as to the venue of personal actions against corporations and upholds our conclusion that the statute (§ 395, Code Civ. Proc.) does not determine the right to a change of venue where the defendant is a corporation.

Order affirmed.

Wood (W. J.), J., and McComb, J., concurred.