[Civ. No. 3140.   Fourth Dist.   May 11, 1944.]

Z. E. PAGE, Respondent, v. MERVIN MILLER, Appellant.

C. W. Braswell for Appellant.

John T. Fuller for Respondent.

BARNARD, P. J.—This is an appeal from an order denying a motion for a change of venue.

The action is one to recover a real estate commission and was filed in the Superior Court of Tulare County. The complaint named as defendants Mervin Miller, and Mervin Miller Incorporated, Ltd., a corporation. Among other things it set forth a copy of a written instrument signed by Mervin Miller authorizing the plaintiff to sell certain real property situated in Tulare County and agreeing to pay a commission therefor. It was also alleged that Mervin Miller executed this contract both in his individual capacity and as the agent of the corporate defendant.

Each defendant filed a demurrer and the individual defendant moved to change the place of trial to Orange County on the ground that he was and is a resident of that county and that Tulare County is not the proper county for the trial of the action. In support of this motion he filed affidavits alleging that he was and is a resident of Orange County and that he was not an officer of the defendant corporation and was not authorized to make any contract in its behalf. After a hearing the court denied the motion and he has appealed.

It may first be observed that while a conflict appears with respect to whether the appellant was authorized to make a contract for the corporate defendant no attempt was made to show that the principal place of business of the corporate defendant was not in Tulare County.

Irrespective of any question as to the residence of the parties no attempt was made by the appellant to show that Tulare County was not the proper place for the trial of this action for another reason, and that such was the situation amply appears from the showing made by the respondent. It appears from the verified complaint that the plaintiff maintained his office in the county of Tulare and that the land to be sold was situated in that county. The written instrument

discloses that the land to be sold was in Tulare County and there is nothing therein to indicate that it was not executed in that county. A counteraffidavit filed by the respondent alleges that this contract was entered into in Tulare County; that the obligation was incurred in that county; that the contract was to be and was actually performed in that county; and that no further or additional contract was ever entered into with respect to the place of performance. These facts were not denied and there was no showing of any kind in opposition to them.

Upon the facts shown, and under the plain provisions of section 395 of the Code of Civil Procedure, Tulare County was a proper county for the trial of the action and the motion was properly denied by the trial court. (*Pacific Const. Finance Co.* v. *Kramer,* 42 Cal.App.2d 190 [108 P.2d 723]; *Limited Mut. Comp. Ins. Co.* v. *Curtis,* 45 Cal.App.2d 507 [114 P.2d 404]; *Armstrong* v. *Smith,* 49 Cal.App.2d 528 [122 P.2d 115]; *Joe Lowe Corp.* v. *Rasmusson,* 53 Cal.App.2d 490 [127 P.2d 1002].)

The order appealed from is affirmed.

Marks, J., and Griffin, J., concurred.