[Civ. No. 7206. Third Dist. June 19, 1946.]

VICTOR JAMES DE CAMPOS et al., Respondents, v. STATE COMPENSATION INSURANCE FUND, Appellant.

Donald Gallagher and Royle A. Carter for Appellant.

George C. Faulkner and A. Dal Thomson for Respondents.

ADAMS, P. J.—This is an appeal by defendant from an order denying its motion for a change of venue from Placer County to the city and county of San Francisco. Plaintiffs' complaint alleges as follows: Plaintiffs are engaged in mining in Placer County. Defendant is "a political subdivision of the State of California" carrying on a workmen's compensation insurance business, insuring employers against liability under the Workmen's Compensation and Safety Act. About December 26, 1940, defendant issued to plaintiffs a workmen's compensation insurance policy, copy of which is made a part of the complaint. On or about July 15, 1941, and while said policy was in effect, one William Ralph Payne, an employee of plaintiffs, who was covered by the aforesaid policy, sustained injuries arising out of and in the course of his employment, which caused his death. Payne left surviving him a wife and four minor children, in whose behalf a proceeding was commenced before the Industrial Accident Commission for collection of a death benefit. Defendant, though given due notice, refused to defend on behalf of plaintiffs, whereupon plaintiffs employed counsel to defend them. Subsequently an award in favor of the Payne widow and children was made by the Industrial Accident Commission, but it held that the policy issued by the fund excluded coverage with respect to Payne, and dismissed the fund from liability. Thereafter the decision of the commission was reviewed on appeal and the portion of said decision dismissing the fund was reversed and the cause was remanded with orders to enter an award in accordance with the decision of the court. Thereafter petitions for rehearing and for hearing in the Supreme Court were denied, and eventually the commission amended its findings in conformity with the appellate court's decision. Said policy provided that the fund would defend in behalf of plaintiffs any claims or suits against them, such as was the Payne proceeding, and pay all costs of such defense, but failed to do so. Plaintiffs further alleged that by reason of defendant's refusal and failure to represent them in said matter they had been compelled to pay for attorney's fees, costs and other expenses the amount sued for, for which they demanded judgment against defendant fund; that the contractual obligation of defendant to plaintiffs "arose at and in the county of

Placer,'' and was ''agreed to be performed'' in said county; that ''the breach of said contractual obligation'' occurred in Placer County, and that said county was the proper place for trial of the action.

Defendant filed a demurrer to said complaint and at the same time filed notice of motion for change of venue, alleging therein and in an affidavit of merits and of residence in support thereof, that both the Industrial Accident Commission and the defendant fund were, during the period involved, residents of and had their principal places of business in the city and county of San Francisco; that the insurance policy issued to plaintiffs was made and entered into in San Francisco; that the obligation upon which plaintiffs' complaint was based was incurred in and was to be performed there and that the breach, if any, likewise occurred there. The affidavit further alleged that defendant did not contract to perform the obligation alleged in plaintiffs' complaint in any county other than the city and county of San Francisco; that the last act in consummation of the contract, to wit, the payment of the total initial premium to defendant, was performed at its office in San Francisco and that the signing and issuance of the contract occurred in San Francisco, and that there never had been any special contract in writing between the parties changing the county in which said contract was to be performed from San Francisco; that neither the obligation of the contract nor its breach, if any, occurred in Placer County.

In opposition to defendant's motion, plaintiff De Campos filed an affidavit in which he merely alleged that he attended to the procurement, execution and delivery of the policy in question, that he received the policy in the mail about January 2, 1941, and that prior thereto and on or about December 24, 1940, he mailed a check for the full amount of the premium, addressed to defendant, and subsequently received the cancelled check; but he did not allege where he received the policy or where he mailed the check. He also averred that the policy showed that the principal place where the work described in said policy is conducted is in Placer County. There was no denial of the allegations of the affidavit in support of the motion for change of venue.

The trial court, after submission of points and authorities by the respective parties, filed a written opinion and denied the motion. The grounds for its decision, as summarized in its opinion, are:

". . . That no statutory venue has been fixed by legislative enactment or decision in actions against the State Compensation Insurance Fund, that defendant should not be considered in the same category as a natural person for the purposes of Section 395 C. C. P., and that even if it were so held, that under the provisions of Section 395 C. C. P. it still could be sued in any county in this State as its residence is unfixed and unknown; that if its residence be deemed to be the situs of its principal place of business then it should also be held to be in the county of any alleged breach of its policy of insurance. Although an instrumentality of the State it should be for the purposes of venue placed in the same category as private carriers engaged in the same type of business, and suable not only in the principal place of business of its business, but also in any other county in the State as provided in said provision of the Constitution, Article XII, Paragraph 16."

Appellant's argument in support of its appeal is that it is, in effect, admitted by respondent that the allegations of its affidavit that the contract was entered into and the obligations thereunder, if any, incurred in San Francisco, and that San Francisco is the residence of the fund; and that there is no single ground for retaining the cause in Placer County. Respondents, in reply, assert that the fund is a "corporation," that the provisions of article XII, section 16, of the Constitution apply, and that, under these provisions, the venue is in Placer County because the contract was to be performed there, the liability arose there and the breach occurred there.

While respondents concede that the fund is "an arm of the state government," thereby admitting that it is not a private corporation, they argue that it is a corporation within the meaning of that term as used in the Constitution because it is authorized to transact the business of workmen's compensation insurance to the same extent as any other insurer is legally authorized to do, that it may enter into contracts and sue and be sued, that it is by statute "given the important and all-controlling attributes of any corporation," and that it is unimportant that it has not all of the attributes of private corporations. On the assumption, then, that the fund is a corporation, respondents base their defense of the order of the trial court on article XII, section 16, of the Constitution of this state, which provides:

"A corporation or association may be sued in the county where the contract is made or is to be performed, or where

the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases.''

It is apparent that if respondent is not a corporation or association, within the meaning of the aforesaid constitutional provision the basis of respondents' argument vanishes.

In *Rauschan* v. *State Compensation Insurance Fund,* 80 Cal.App. 754 [253 P. 173], it was contended that the fund was a corporation and, as such, liable for damages claimed to have been sustained by plaintiff by reason of certain alleged slanderous statements made by one of its alleged agents. The court said that the fund constituted ''a governmental mandatory or agency to which the legislature committed the administration of certain of the state's sovereign powers''; that it is ''an agency of the state and was established for the purpose of administering certain portions of the sovereignty of the state''; that the provision of the statute permitting it to sue or be sued for wrongs committed by it applied, not to torts, but to breaches of contractual obligations only. (Also see *Commissioners of State Insurance Fund* v. *Lapidus,* 182 Misc. 368 [50 N.Y.S.2d 589]; *In re Opinion of Justices,* 309 Mass. 571 [34 N.E.2d 527, 535]; *Gilmore* v. *State Compensation Insurance Fund,* 23 Cal.App.2d 325, 329 [73 P.2d 640].)

Respondents cite no decision in this state holding the fund to be a corporation, but argue that because it has certain attributes of a corporation it must be considered as such and that the provisions of section 395 of the Code of Civil Procedure are not applicable. It relies particularly upon *Utah State Building Commission* v. *Great American Indemnity Co.,* 105 Utah 11 [140 P.2d 763], which held that the Utah State Building Commission was a ''body corporate'' within the meaning of a statute which provided that when a contract was made ''with a state, or with a state institution, board or commission which is not a body politic or corporate, the state shall be named as obligee in such bond''; and the question was whether the State Building Commission was a ''body politic or corporate'' within the intention of the Legislature. It was held that it was; but it does not follow therefrom that the California State Compensation Insurance Fund is a ''corporation'' within the meaning of the provisions of article XII, section 16, of the California Constitution, particularly in view of the fact that the fund does not possess all the powers

and duties which the Utah commission had, as, for instance, the power to buy, lease and acquire property of any kind, and to sell, exchange or lease any and all property, and other powers not specifically mentioned. No such powers repose in the State Compensation Insurance Fund.

Respondents also contend that section 395, *supra,* does not apply to corporations, either public or private, but applies only to natural persons. They cite *Cook* v. *W. S. Ray Manufacturing Co.,* 159 Cal. 694 [115 P. 318] ; *McDuffie* v. *California Tehama Land Corp.,* 138 Cal.App. 245 [32 P.2d 385] ; *Kaupke* v. *Lemoore Canal & Irrigation Co.,* 7 Cal.App.2d 362 [46 P.2d 204] ; *Konig* v. *Associated Almond Growers,* 37 Cal. App.2d 360 [99 P.2d 678] ; *Pacific Freight Lines* v. *Pioneer Express Co.,* 39 Cal.App.2d 609 [103 P.2d 1056] ; *Swartz* v. *California Olive Growers' etc. Corp.,* 56 Cal.App.2d 168 [133 P.2d 20], as holding that section 395, *supra,* applies only to natural persons. These cases were also relied upon by the trial court in its opinion, but we think that too much emphasis has been put upon certain language therein contained. *Cook* v. *W. S. Ray Manufacturing Co.,* the only Supreme Court case cited, did not hold that section 395 applies only to natural persons, but did hold that it did not apply to transitory actions against private corporations, such actions being governed by the constitutional provision, and that the provision did not constitute a discrimination against corporations and in favor of natural persons which was violative of the 14th Amendment. The decisions in. *McDuffie* v. *California Tehama Land Corp., Konig* v. *Associated Almond Growers, Kaupke* v. *Lemoore Canal & Irrigation Co.,* and *Pacific Freight Lines* v. *Pioneer Express Co.,* go no further. In *Swartz* v. *California Olive Growers' etc. Corp.* the court did say, page 172, that section 395, *supra,* does not apply to domestic corporations *"but is applicable only to actions against natural persons."* However, the phrase quoted is dictum, and its use was probably inadvertent since it was not necessary to the decision in the case, the defendant in the action being a private corporation.

As opposed to respondents' views we have *Bohn* v. *Better Biscuits, Inc.,* 26 Cal.App.2d 61 [78 P.2d 1177], in which the question whether article XII, section 16, of the Constitution applied to foreign as well as domestic corporations was before the court. The court there said, at page 65, that ''under a reasonable interpretation of the provisions of section 395 of

the Code of Civil Procedure it might be held, that, by reason of the enactment of section 405 et seq. of the Civil Code, said section 395 of the Code of Covil Procedure applies to persons both natural and artificial and whether the corporation is a domestic or a foreign corporation. Section 395 of the Code of Civil Procedure, does not use the word 'corporation', but it has never been held that its provisions did not apply to corporations. No reason appears why they should be so limited. There is no more reason for a statewide venue when the action is against a corporation than when against a natural person, nor when it is against a foreign corporation than when against a domestic corporation." Hearing in the Supreme Court was denied.

In *Buck* v. *City of Eureka,* 97 Cal. 135, 138 [31 P. 845], the contention was made that the city of Eureka, being a municipal corporation, was not entitled to have the action removed from the city and county of San Francisco to Humboldt County, reliance being placed upon article XII, section 16, of the Constitution. But the court said that article XII relates exclusively to private corporations and consequently section 16 thereof has no application to a suit against a public corporation; and the residence provisions of section 395 of the Code of Civil Procedure were applied. Also in *Gallup* v. *Sacramento & San Joaquin Drainage Dist.,* 171 Cal. 71 [151 P. 1142], the court held that defendant drainage district was not such a corporation as was comprehended within the meaning of the word corporation as used in article XII, section 16, of the Constitution; that said section relates exclusively to private corporations, citing *Buck* v. *City of Eureka, supra.*

We conclude, in conformity with the foregoing decisions, that article XII, section 16, of the Constitution is not applicable in this action.

Respondents, in their brief, make no contention that if the provisions of article XII, section 16, are inapplicable, appellant is not entitled to the change of venue to the city and county of San Francisco, saying: "It is unnecessary to discuss the authorities cited in appellant's opening brief. All of them deal with Code of Civil Procedure, section 395, which, as the trial court properly held, applies only to natural persons." From the foregoing we take it that respondents do not contend that if the constitutional provision does not apply, appellant is not entitled to the change of venue as prayed.

However, in view of certain statements in the opinion of the trial court and the arguments of appellants, some consideration of that section in its application to the case may not be inappropriate.

Title IV of part 2 of the Code of Civil Procedure provides for the place of trial of civil actions, and section 395 thereof provides that "In all other cases" (other than those provided for in the preceding sections of said title) "the county in which the defendants, or some of them, reside at the commencement of the action, is the proper county for the trial of the action." After making special provision for certain kinds of actions, of which this is not one, the section provides that *"When a defendant has contracted to perform an obligation in a particular county, either* the county where such obligation is to be performed, *or* in which the contract in fact was entered into, *or* the county in which the defendant . . . resides at the commencement of the action, shall be a proper county for the trial of an action founded on such obligation, *and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary."* (Italics added.)

The foregoing language is susceptible of the construction that a right to trial in a county where an obligation is to be performed or the county in which the contract was in fact entered into, arises only in the case of a contract in which the defendant has contracted to perform an obligation in a particular county. However, in construing the section the court said in *Armstrong* v. *Smith,* 49 Cal.App.2d 528, 532 [122 P.2d 115] :

"No great consequence is to be attached to the general limitation of the section that 'When a defendant has contracted to perform an obligation in a particular county,' the other provisions are to apply. Obviously, an existing obligation is performable at some place. If it is of such character that it is to be, or may be, performed in different counties no different situation is created than if it is to be performed at a particular place. The express condition of the statute is that unless there is a special contract in writing to the contrary the county in which the obligation is incurred is the venue of an action arising out of it. What the legislature has in substance said is that all actions arising on contract shall be tried in the county in which the defendant resides,

or in which the contract was made, unless the defendant has contracted specially and in writing as to the county in which his obligation is to be performed, in which event such county is also a proper county for the trial of the action.''

It also said, pages 533-534:

''The obligation of a contract is incident to its making. It is incurred at the time the contract is made and follows it until the contract is extinguished. The obligation arises as soon as the contract takes breath and may be breached at any time while it has life. While it is the law, in conjunction with the contract, which casts the obligation, the law does not wait until it is breached to cast it. This is done when the contract is made. So with the contract before us, all obligations arising under it were incurred at the time and in the county in which it was made.'' (Also see *Campbell* v. *Clifford*, 52 Cal.App.2d 615, 618-619 [126 P.2d 887].)

In the case before us there is no provision in the policy of insurance designating the county in which obligations thereunder are to be performed. While, as above stated, respondents have not made any argument regarding the proper construction to be given section 395, they do assert that the contract was to be performed in Placer County, and that ''the liability arose'' there—which might be construed as an allegation that the obligation was incurred there. Appellant meets both of these statements by pointing out that this contract was in fact entered into in the city and county of San Francisco, and that its obligations were to be performed in San Francisco. The policy has a provision which reads:

''As a condition precedent, this Policy is null and void unless the total initial premium stated herein is paid to the State Compensation Insurance Fund at its office in San Francisco on or before January 5, 1941, at noon, standard time.''

In *Limited Mutual Compensation Insurance Co.* v. *Curtis,* 45 Cal.App.2d 507 [114 P.2d 404], where the insurance company sued Curtis for payment of premiums under a policy which contained a like provision, and made the payment of initial payments to the insurance company at its office in San Francisco a condition precedent to the going into effect of the policy, the court said that by the terms of the contract the parties themselves fixed the time when and the place where the condition precedent should be performed to make the contract binding and operative; and that it followed that the place where they became binding and operative was the

place where the obligations thereunder were incurred. To be sure that was an action for premiums which it was agreed were to be paid in San Francisco, but the obligations imposed upon the insurance company came into being only when those imposed upon the insured were met, and came into being at that time and place.

The policy also contains a provision that it should not be binding upon the fund unless countersigned by a duly authorized officer or representative of the fund; and it shows upon its face that it was "countersigned at San Francisco December 30, 1940" by L. M. Johnson, "Authorized Representative." In *Di Giorgio Fruit Corp.* v. *Zachary*, 60 Cal.App.2d 560 [141 P.2d 8], a contract contained the provision that it was subject to the approval and acceptance of the office of Earl Fruit Co., at San Francisco. Acceptance was evidenced by a letter from Earl Fruit Company mailed at San Francisco; and it was held that the contract was entered into at that place.

It is said in 5 California Jurisprudence 454: "The place at which a contract bears date is prima facie the place where it is made. So it is a fair deduction that a contract is to be entirely performed at the place where it was made and where it expressly provides that part of the performance (payments, for instance) shall be made." (Also see *Hammond* v. *Ocean Shore Development Co.*, 22 Cal.App. 167, 170 [133 P. 978]; *Fitzhugh* v. *University Realty Co.*, 46 Cal.App. 198 [188 P. 1023].)

The trial court, in its opinion, stated that if section 395 were applied, plaintiffs were nevertheless authorized to sue in Placer County, if the residence of defendant was not definitely established or if it was unknown to the plaintiff, since it provides that if none of the defendants reside in the state, or, if residing in the state, and the county in which they reside is unknown to the plaintiff, the action may be tried in any county which the plaintiff may designate in his complaint. But plaintiffs did not allege that defendant's residence was unknown, and its place of residence was established, as the affidavit in support of the motion for change of venue alleged that the principal place of business of the fund is in San Francisco and that it is a resident of that city and county. These allegations are not denied by the affidavit of plaintiffs in opposition to the motion, and there is no allegation in the complaint to the contrary. Furthermore, several endorsements attached to the policy show the address of the fund to

be San Francisco, and that city as the location of its executive offices. And, as held in *Gallup* v. *Sacramento & San Joaquin Drainage Dist.*, *supra*, at page 74, its residence is the same as its principal place of business. (Also see *Barber* v. *Galloway*, 195 Cal. 1, 14 [231 P. 34] ; *Bohn* v. *Better Biscuits, Inc.*, *supra*, at page 64; *Cohn* v. *Central Pac. R. R. Co.*, 71 Cal. 488 [12 P. 498] ; *Winterburn* v. *Sheriff*, 61 Cal.App. 531, 534 [215 P. 406] ; *Trezevant* v. *W. R. Strong Co.*, 102 Cal. 47 [36 P. 395] ; *Krogh* v. *Pacific Gateway etc. Co.*, 11 Cal. App. 237 [104 P. 698].)

The trial court also stated that the complaint alleged that the breach occurred in Placer County, and that in certain cited cases it had been held that under various types of insurance policies the liability or breach occurred where the injury or death took place. But those were all cases in which the defendant was a private corporation, and article XII, section 16, of the Constitution applied. They do not purport to construe or apply section 395.

In *Lyons* v. *Brunswick-Balke-Collender Co.*, 20 Cal.2d 579, 582 [127 P.2d 924, 141 A.L.R. 1173], the court said that a statutory provision permitting a defendant to have certain actions tried in the county where he resides is remedial in nature and should be liberally construed to the end that a defendant may not be unjustly deprived of that right; that the right of a defendant to have certain actions brought against him tried in the county of his residence is an ancient and valuable right which has always been safeguarded by statute and is supported by a long line of judicial decisions; that the right of a plaintiff to have an action tried in a county other than that of the defendant's residence is exceptional; and that if a plaintiff would claim such right he must bring himself within the exception. (Also see *Kaluzok* v. *Brisson*, 27 Cal. 2d 760, 763 [167 P.2d 481].)

We conclude that in the instant case plaintiffs failed to show a right to have this action tried in Placer County, and the order denying defendant's motion for change of venue is accordingly reversed.

Peek, J., and Thompson, J., concurred.