[Civ. No. 10485.   First Appellate District, Division Two.—October 21, 1937.]

THE PEOPLE, Appellant, v. ONE LA SALLE FOUR DOOR SEDAN, etc., Respondents.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Appellant.

R. G. Partridge for Respondent.

GRAY, J., *pro tem.*—Pursuant to section 15 (b) of the Narcotic Act (Deering's Gen. Laws, Act 5323), appellant filed and served, upon its owners, notice of seizure and intended forfeiture of the above-described automobile, which it claimed had been used for the unlawful transportation of narcotics.  The owner of the automobile defaulted.  As permitted by the section, respondent, General Motors Acceptance Corporation, answered, asserting that it was the legal owner of the automobile by reason of the seller's assignment to it of the contract by which the automobile had been conditionally sold to the defaulting owner, and claiming, in conformity to subdivision (e) of the section, (1) that such

contract was *bona fide* and (2) that its interest had been created after a reasonable investigation, by the seller and itself, of the responsibility, character and reputation of the purchaser and (3) without any knowledge that the automobile was being or was to be used for the illegal transportation of narcotics. Its answer also denied that the automobile, at the time of its seizure, was being used to unlawfully transport narcotics. At the hearing, appellant introduced testimony, the sufficiency of which is not questioned, to prove such unlawful use and then rested. Thereupon, at respondent's request and as part of its defense, appellant stipulated that the conditional sales contract was *bona fide* and that respondent had no knowledge of the intended unlawful use of the automobile. As to the second element of its claim, respondent offered no evidence of any investigation of the purchaser's responsibility, character or reputation. The court did not find specifically upon the issue of investigation but found generally that the seller and respondent had performed and done all acts required of each of them by the Narcotic Act. The state appeals from the judgment ordering the restoration of the automobile to respondent, which followed.

The state argues that, under the plain wording of subdivision (f) of section 15, the judgment was unauthorized, since respondent did not affirmatively show that the seller had made a reasonable investigation of the purchaser's responsibility, character and reputation. On the contrary, respondent contends that it was not required to prove such an investigation, in absence of the state's production of evidence showing that the seller, by conducting a reasonable investigation could have discovered facts which would have put a prudent seller on inquiry as to the possible legal or illegal use of the automobile. To give vitality to respondent's argument, it is necessary to so construe subdivisions (e) and (f) as to add to their positive language a qualification not therein expressed. But such construction is prohibited by section 1858 of the Code of Civil Procedure. As he states, respondent's counsel advanced the same contention in *People v. One Pontiac, etc.*, 22 Cal. App. (2d) 503 [71 Pac. (2d) 302], which has been decided adversely to him since the submission of the present case. This court there held that subdivision (f) placed upon the claimant the burden of proving the three elements conjunctively enumerated in sub-

division (e) and that, in absence of such proof, the trial court should find against the claimant on the element not proven, and enter judgment of forfeiture accordingly.

The judgment is accordingly reversed.

Spence, Acting P. J., and Sturtevant, J., concurred.