[Civ. No. 16126.   Second Dist., Div. One.   May 27, 1948.]

SAMUEL S. YEDOR et al., Respondents, v. THE OCEAN ACCIDENT AND GUARANTEE CORPORATION, LIMITED (a Corporation) et al., Defendants; STATE COMPENSATION INSURANCE FUND, Appellant.

Donald Gallagher, Ira Ratner and Royle A. Carter for Appellant.

Eugene S. Ives for Respondents.

YORK, P. J.—This is an appeal by defendant State Compensation Insurance Fund (hereinafter referred to as the Fund) from an order denying its motion for a change of venue from Los Angeles County to the city and county of San Francisco.

The complaint herein alleges that a "suit for damages for injuries due to negligence of plaintiffs was filed" by one

Garcia, their employee, in which judgment was rendered in favor of Garcia in the sum of $5,000; that on the date the injuries were sustained, plaintiffs were covered by a policy of liability insurance issued by defendant Ocean Accident and Guarantee Corporation, and were also covered by a workmen's compensation insurance policy issued by defendant Fund, "a corporation duly organized and authorized to do an insurance business in the State of California"; a copy of such policy is made a part of the complaint by annexation. It is further alleged that although demand was made by plaintiffs, defendants refused to pay the judgment in favor of Garcia, whereupon plaintiffs paid the same. The prayer of the complaint is for a judgment against defendants for the amount of the judgment rendered in the tort action.

Upon appearance by demurrer, defendant Fund made its application for a change of place of trial of said cause from Los Angeles County to the city and county of San Francisco, alleging therein and in an affidavit of merits and of residence in support thereof, that at the time of commencement of the action the Fund "was and now is a resident of the City and County of San Francisco" where it maintains its principal offices and places of business; that the contract of insurance sued upon "was made and entered into in the City and County of San Francisco, California in this, that: the last acts in consummation of the making of said contract and in incurring the obligations thereof were performed in the City and County of San Francisco, to wit: the signing and counter-signing and issuance of said . . . policy of insurance by the duly authorized officer and representative of the defendant, at its office in San Francisco, and the payment of the total initial premium to this defendant at its office in San Francisco; that there is not and never has been any special contract in writing between the plaintiffs and this defendant changing the county in which said . . . policy of insurance was to be performed from the said City and County of San Francisco, in which the obligation thereof was incurred."

Affiant Fund also denied that it was a corporation as alleged in plaintiff's complaint, and alleged that it was "a mandate or agency of the State of California . . . authorized to transact the business of Workmen's Compensation Insurance in this State." Affiant also averred that Ocean Accident and Guarantee Corporation is a foreign corporation, with its principal place of business and its residence in the city and county of San Francisco, and that, therefore, the Superior

Court of the State of California, in and for the city and county of San Francisco is the proper court for the trial of this action.

No counteraffidavits were filed by plaintiffs.

Thereafter, the trial court overruled the defendant Fund's demurrer and made an order denying its motion for change of venue. This appeal followed.

In its supplemental affidavit in support of motion for change of place of trial, appellant avers that the defendant Ocean Accident and Guarantee Corporation, Limited, is a foreign corporation with its principal place of business at the city and county of San Francisco. This averment is not denied, and the record further discloses that such defendant has made no appearance herein.

It is here contended: "I. That appellant is not a private corporation but is an agency of the State of California; therefore, Section 395 of the Code of Civil Procedure governs the venue in this action.

"II. The residence of the appellant was at the time of the commencement of this action and ever since has been in San Francisco.

"III. The contract was in fact entered into and the obligation involved herein was incurred in San Francisco.

"IV. The obligation involved was to be performed in San Francisco and the liability, if any there was, arose in San Francisco.

"V. The residence of the other defendant below, a corporation, being in another county than the one in which the suit was commenced, its presence as a defendant does not affect appellant's right to a change of venue to the county of appellant's residence.

"VI. The appellant's right to have the case tried in San Francisco, the county of its residence, is absolute in the case at bar. This is so because it has been shown that:

"(A) The contract between it and the respondents was neither made nor the obligation involved incurred nor was that obligation to be performed, in the county where the suit was commenced, and,

"(B) The other defendant does not have its principal place of business in the county where the suit was commenced."

In support of the trial court's order, respondents urge that section 16, article XII of the California Constitution applies to appellant and governs the venue herein; also, that

even under section 395 of the Code of Civil Procedure, the Los Angeles County Superior Court is a proper court for the trial of this action.

Section 16, article XII of the Constitution of this state reads: "A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the Court to change the place of trial as in other cases."

Section 395 of the Code of Civil Procedure provides: "In all other cases, except as in this section otherwise provided, and subject to the power of the court to transfer actions or proceedings as provided in this title, the county in which the defendants, or some of them, reside at the commencement of the action, is the proper county for the trial of the action. . . . When a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant, or any such defendant, resides at the commencement of the action, shall be a proper county for the trial of an action founded on such obligation, and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed, unless there is a special contract in writing to the contrary."

Respondents argue that since the Fund has most of the attributes of a private insurance carrier, it should come within the constitutional provisions on venue.

In the case of *Rauschan* v. *State Compensation Insurance Fund*, 80 Cal.App. 754, 760 [253 P. 173], it was contended that the Fund was a corporation and as such liable for damages on account of a tort committed by one of its agents. It was there held that the fund constituted "a governmental mandatory or agency to which the legislature committed the administration of certain of the state's sovereign powers"; that it is "an agency of the state and was established for the purpose of administering certain portions of the sovereignty of the state"; and that the provisions of statute permitting it to sue or be sued for wrongs committed by it applied not to torts but to breaches of contractual obligations only.

The foregoing case was cited in *Gilmore* v. *State Compensation Insurance Fund*, 23 Cal.App.2d 325, 329 [73 P.2d 640], as authority for the following statement: ". . . appropriate

legislation was enacted authorizing the State Industrial Accident Commission to engage in compensation insurance business 'to the same extent as any other insurer.' (Secs. 11770-11778, Insurance Code.) The State Compensation Insurance Fund is an agency of the state.''

In the late case of *De Campos* v. *State Compensation Insurance Fund,* 75 Cal.App.2d 13 [170 P.2d 60], it was also argued that because the Fund has ''certain attributes of a corporation, it must be considered as such and that the provisions of section 395 of the Code of Civil Procedure are not applicable.'' It was there held that the Fund is not a corporation within the meaning of section 16, article XII of the Constitution.

*Buck* v. *City of Eureka,* 97 Cal. 135, 138 [31 P. 845], enunciates the rule that article XII of the Constitution ''relates exclusively to private corporations, and consequently the provisions of section 16 have no application to a suit against a public municipal corporation''; and that section 395, Code of Civil Procedure, ''alone must be looked to for a definition of the right of defendant as to the place of trial of this action.'' See, also, cases collected in McKinney's Digest, Corporations, sections 809, 810.

In classifying the various types and kinds of corporations, it is stated in 6A California Jurisprudence, page 104: ''An irrigation district is a public corporation, or a quasi-public corporation, organized under a general law enacted for the purpose of promoting the general welfare; and its officers are considered public officers. Water and irrigation companies, either private or mutual, are private corporations; but some of them may be public utility corporations.

''Certain of the earlier decisions have held reclamation and levee districts to be public corporation, or quasi-public corporations for municipal purposes, yet they are sometimes denominated quasi corporations because they do not possess all the powers belonging to corporations, or those usually possessed by municipal corporations. *They are distinctly not private corporations;* neither are they corporations for municipal purposes within the meaning of the constitution. . . . In the light of later decisions, *it is more accurate to say that they are not corporations at all, but are public agencies or governmental mandatories vested with limited powers to accomplish a limited and specific work. . . .''* (Emphasis added.)

Accordingly, it would appear that appellant Fund falls within such last named category i. e.: a governmental man-

datory or agency of the state; is not a corporation within the meaning of section 16, article XII of the Constitution, and that section 395 of the Code of Civil Procedure governs the question of venue herein.

Section 11781 of the Insurance Code provides that "The principal office for the transaction of business of the State Compensation Insurance Fund is located in the City and County of San Francisco."

In its notice of motion for change of place of trial, and also in its affidavit of merits and of residence, appellant so averred, alleging that in consequence thereof it "was and is a resident of said City and County of San Francisco." This was not denied by respondents and there is no allegation in the complaint to the contrary. Moreover, quoting from the opinion in *De Campos* v. *State Compensation Insurance Fund*, 75 Cal.App.2d 13, 22 [170 P.2d 60] : "several endorsements attached to the policy show the address of the fund to be San Francisco, and that city as the location of its executive offices. And, as held in *Gallup* v. *Sacramento & San Joaquin Drainage Dist., supra*, [171 Cal. 71 (151 P. 1142)] at page 74, its residence is the same as its principal place of business. (Also see *Barber* v. *Galloway*, 195 Cal. 1, 14 [231 P. 34] ; *Bohn* v. *Better Biscuits, Inc., supra* [26 Cal.App.2d 61 (78 P.2d 1177)] at page 64; *Cohn* v. *Central Pac. R. R. Co.*, 71 Cal. 488 [12 P. 498] ; *Winterburn* v. *Sheriff*, 61 Cal.App. 531, 534 [215 P. 406] ; *Trezevant* v. *W. R. Strong Co.*, 102 Cal. 47 [36 P. 395] ; *Krogh* v. *Pacific Gateway etc. Co.*, 11 Cal.App. 237 [104 P. 698].)"

The foregoing erases any doubt as to the place of residence of appellant, and as was so aptly stated by the Supreme Court in *Kaluzok* v. *Brisson*, 27 Cal.2d 760, 763 [167 P.2d 481] : "The right of a defendant to have an action brought against him tried in the county of his residence is an ancient and valuable right, safeguarded by statute and supported by a long line of decisions. The right of a plaintiff to have an action tried in a county other than that of the defendant's residence is exceptional. If the plaintiff would claim such right he must bring himself within the exception."

As hereinbefore stated, section 395 of the Code of Civil Procedure provides: "When a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant . . . resides at the commencement of the action,

shall be a proper county for the trial of an action founded on such obligation, and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary."

█ The policy of insurance here involved contains the following provision: "As a condition precedent, this Policy is null and void unless the total initial premium stated herein is paid to the State Compensation Insurance Fund at its office in San Francisco on or before April 11, 1942, at noon, standard time."

In *Limited Mutual Comp. Ins. Co.* v. *Curtis,* 45 Cal.App. 2d 507, 509 [114 P.2d 404], where, upon motion for change of venue in an action involving policies of compensation insurance containing clauses almost identical with the above clause, it was held that such a provision in a contract fixed the place where the contract became binding and effective, to wit: the place where the contract was in fact entered into and where the obligation was incurred; the court there stating:

"We agree with the trial court that the foregoing clauses were legally sufficient to justify the conclusion that the obligations imposed by the contracts were 'incurred' in San Francisco, for obviously according to the plain terms of said clauses, as between plaintiff and defendant, no obligations whatever arose under the contracts until defendant performed the 'condition precedent' of making the payments provided for therein to plaintiff 'at its office in San Francisco'. In other words, by the terms of the contracts the parties themselves fixed the time when and the place where the condition precedent should be performed to make the contracts binding and operative; and it follows, therefore, that the place where they become binding and operative is the place where the obligations thereunder were 'incurred'." See also *De Campos* v. *State Comp. Ins. Fund, supra,* pages 21, 22, for a discussion of this point.

The contract here sued upon is the usual form of workmen's compensation insurance policy, and in none of its clauses to which reference is made by respondent, is Los Angeles County mentioned as the place for performence by appellant of any obligation incurred thereunder. True, the address and place of business of insured is shown to be at 5001 Sante Fe Avenue, Los Angeles, California, but that standing alone is insufficient to raise the presumption that

the place of performance was intended to be Los Angeles County.

As stated in *Armstrong* v. *Smith,* 49 Cal.App.2d 528, 533, 536 [122 P.2d 115] : "The obligation of a contract is incident to its making. It is incurred at the time the contract is made and follows it until the contract is extinguished. The obligation arises as soon as the contract takes breath and may be breached at any time while it has life. While it is the law, in conjunction with the contract, which casts the obligation, the law does not wait until it is breached to cast it. This is done when the contract is made. So with the contract before us, all obligations arising under it were incurred at the time and in the county in which it was made. . . .

"It is our opinion that before any action may be brought under section 395, *supra,* in the county where the obligation forming the basis of the suit is performable, the contract must specifically state the place of performance of such obligation."

In the contract of insurance here in question it was neither specially nor impliedly agreed that it should be performed in Los Angeles County. To the contrary, the obligations accruing thereunder were to be performed in San Francisco where it was in fact entered into and where such obligations were incurred. It follows that the city and county of San Francisco is a proper place for the trial of the instant action.

The foregoing conclusion reached by this court does not impose a hardship upon respondents for the reason that the trial court may, upon motion made by them after the issues are joined, change the place of trial "when the convenience of witnesses and the ends of justice would be promoted by the change" (Code Civ. Proc., § 397, subd. 4).

In this connection see *Woods* v. *Berry,* 111 Cal.App. 675 [296 P. 332], wherein it was held that, the defendant being entitled to a change of venue to the county of his residence, countermotions on the ground of convenience of witnesses could be made by plaintiffs in the county to which the case was transferred.

For the reasons stated, the order denying appellant's motion for change of venue is reversed.

White, J., concurred.

DORAN, J.—I dissent.

The respondent herein is the plaintiff in an action against the State Compensation Insurance Fund. The place of

business of the plaintiff was in Vernon, California where one Garcia was employed by plaintiff. Garcia was injured and recovered a judgment against the plaintiffs herein for $5,200.69 which the plaintiffs paid. The plaintiffs then sought the collection of said amount from the insurance fund pursuant to the terms of policy which payment was refused. The action herein followed.

The insurance policy which is attached to the complaint as an exhibit and made part thereof, provides in part as follows:

"In consideration of the total initial premium stated in the Schedule of this Policy, the payment of which as herein provided is a condition precedent, . . .

"Does Hereby Agree with the employer named in this Policy, herein called the Insured, with respect to personal injuries sustained by employees of the Insured within the Policy Period herein stated, including death resulting from such injuries.

"(1) To Pay Promptly and Directly to any person entitled thereto under the Workmen's Compensation Laws of the State of California, and as therein provided, any sums due for compensation for injuries . . . and for the reasonable cost of medical, surgical and hospital treatment . . . and, as between the employees and the Fund, the notice to or knowledge of the occurrence of an injury on the part of the employer shall be deemed notice or knowledge, as the case may be, on the part of the Fund; and jurisdiction of the employer shall, for the purpose of the law, be jurisdiction of the Fund; and the Fund shall in all things be bound by and subject to the orders, findings, decisions or awards rendered against the employer under the provisions of the Workmen's Compensation Laws of the State of California,

"(2) To Indemnify the Insured against loss by reason of liability for damages imposed upon the Insured, as an employer, under any other law of the State of California, for injuries sustained by employees covered by this Policy, including death resulting from such injuries,

"(3) To Serve the Insured (a) by the inspection of work places covered by the Policy . . . (b) upon notice of such injuries, by investigation thereof and by settlement of any resulting claims in accordance with the law,

"(4) To Defend, in the name of and on behalf of the Insured, claims or suits against the Insured for compensation or for damages whether groundless or otherwise, . . . ."

Although not a part of the policy, on the back thereof appears the following:

"The State Compensation Insurance Fund was created by the people of the State of California for the purpose of insuring employers against loss by reason of the liability imposed by law on account of injuries to employees."

It is nevertheless the law that the State Compensation Insurance Fund thus created by the people is a public institution and all of its employees are public servants.

I am neither in accord with the views expressed in the prevailing opinion nor with the views expressed in any of the decisions that support the proposition that the principal place of business of this agency is in San Francisco. There is no resemblance between "principal office" and "principal place of business." Section 11781 of the Insurance Code which provides that "[t]he principal office for the transaction of business of the State Compensation Fund is located in the City and County of San Francisco" has nothing to do with venue; the expression "principal place of business" does not appear. To assume that the Legislature, by this provision, intended to establish the principal place of business in San Francisco to the end that the trial of all actions against the "Fund" must be tried in San Francisco exacts more from the rules of construction and interpretation than the law in that regard contemplates.

Actually the principal place of business of this institution is the entire State of California where it maintains numerous branch offices to serve the people and in no sense does the law contemplate that the people are to serve the agency.

Referring to section 395 of the Code of Civil Procedure quoted in the prevailing opinion, the contract here in question was just as much "entered into" in the town of Vernon as it was in San Francisco and the payment of the premium by the insured which constitutes the consideration for the agreement does not necessarily determine the place of its execution. The premium may have been paid in a branch office or it may have been deposited in the United States mail in cash or its equivalent, addressed to the San Francisco office postage prepaid, in which event it would have been paid when it was deposited in the mail.

Under the terms of the contract, the insurer was obliged to perform under the terms therein specified, first to pay the injured person (in this case Garcia) or, second, to idemnify the insured (in this case the plaintiff). In neither case does

the contract provide that the payment and the indemnity were to be in San Francisco. The contract specifically recites that jurisdiction of the employer shall for the purpose of the law be the jurisdiction of the ''Fund.''

The only performance ever required by the insurer in the circumstances would be the payment of some amount due an injured employee of the insured or the reimbursement of the insured. In any event, it is the place where the *delivery* of either one of these amounts is required to be made that in my opinion is the test as to where the contract is performed or required to be performed on the part of the insurer.

In my judgment it is not the law that either an employee protected by the State Compensation Fund or an employer insured by such institution is required to go to San Francisco to collect any amount due under the terms of a policy issued by this agency.