[Civ. No. 19800.  Second Dist., Div. Two.  Dec. 4, 1953.]

FRANKLIN BOSSINI DEVALL et al., Respondents, v. SECURITY-FIRST NATIONAL BANK OF LOS ANGELES (a National Banking Association), Appellant.

Osborne, Solomon & Fitts for Appellant.

A. W. Brunton for Respondents.

McCOMB, J.—Plaintiffs filed an action in the Superior Court of Los Angeles County as the heirs at law of Jane F. deVall, deceased, against defendant, Security-First National Bank of Los Angeles, individually, and not as an administrator.  The bank was the special administrator of the estate of Jane F. deVall, deceased, with general powers, appointed by the probate court of Orange County.  The action is based on the alleged malfeasance of defendant in the performance of its duties as special administrator, consisting in consenting to the sale of certain assets of the estate and in failing to rent certain other property of the estate.  Defendant made a motion for change of venue of the action to the probate court of Orange County.  This motion was denied.  A judgment has not been entered against defendant.  Defendant

has appealed from the order denying the motion for a change of venue.

**■** *Questions*: First: *Was the order denying the motion for a change of venue an appealable order?*

*Yes.* There is no merit in plaintiffs' contention that the order denying a motion for change of venue is not appealable but can be reviewed only on an appeal from a judgment.

Section 963 of the Code of Civil Procedure provides in part thus, ". . . An appeal may be taken from a superior court in the following cases: . . . From an order . . . changing or refusing to change the place of trial; . . .." Clearly the foregoing provision is here applicable, and the order was appealable.

Second: *Did the probate court of Orange County have the exclusive jurisdiction of the action against defendant instituted by heirs of decedent because of alleged maladministration?*

*Yes.* **■** A controversy between an administrator and the heirs of a decedent relating to the conduct of such administrator in the administration of the estate, can, as long as the probate court has jurisdiction, be determined only by the judgment or order of such court. (*Spencer* v. *Crocker First Nat. Bank,* 86 Cal.App.2d 397, 402 et seq. [194 P.2d 775] [hearing denied by the Supreme Court].) In the Spencer case, Mr. Justice Bray at page 404 says: "Thus, during the pendency of the probate proceedings, all questions between the executor and the beneficiaries concerning its acts as executor and its relationship with them, are within the exclusive jurisdiction of the probate court.

"While there is only one superior court, and the probate court is merely a part thereof, that does not change the fact that where, as here, the parties are all 'interested' in the estate and are already before the probate court, that court has exclusive jurisdiction of all questions concerning the conduct of the estate and their interests therein. Here the real question is whether the executor has fraudulently withheld a portion of the distributive shares of plaintiffs—beneficiaries of the estate."

The analogy between the case of *Spencer* v. *Crocker First Nat. Bank, supra,* and the instant case is apparent. In both, plaintiffs are heirs of the respective decedents and defendant is the estate's administrator or executor. In both, the defendant is purportedly sued in its individual capacity, though in actual fact the causes arise out of the alleged malfeasance

of the administrator or executor in the performance of their fiduciary duties to the alleged damage of the heirs.

Therefore, under the provisions of section 396 of the Code of Civil Procedure, the trial court erred in not transferring the cause to the probate court of Orange County.*

Reversed.

Moore, P. J., and Fox, J., concurred.

A petition for a rehearing was denied December 23, 1953, and respondents' petition for a hearing by the Supreme Court was denied January 27, 1954.

*Section 396, Code of Civil Procedure, reads:

"If an action or proceeding is commenced in a court which lacks jurisdiction of the subject matter thereof, as determined by the complaint or petition, if there is a court of this State which has such jurisdiction, the action or proceeding shall not be dismissed (except as provided in Section 581b, and as provided in subdivision 1 of Section 581 of this code) but shall, on the application of either party, or on the court's own motion, be transferred to a court having jurisdiction of the subject matter which may be agreed upon by the parties, or, if they do not agree, to a court having such jurisdiction which is designated by law as a proper court for the trial or determination thereof, and it shall thereupon be entered and prosecuted in the court to which it is transferred as if it had been commenced therein, all prior proceedings being saved.   In any such case, if summons is served prior to the filing of the action or proceeding in the court to which it is transferred, as to any defendant, so served, who has not appeared in the action or proceeding, the time to answer or otherwise plead shall date from service upon such defendant of written notice of the filing of such action or proceeding in the court to which it is transferred. . . .."