[Civ. No. 19736.   First Dist., Div. One.   Dec. 11, 1961.]

MALCOLM E. HARRIS, as Director of the Department of Alcoholic Beverage Control, Plaintiff and Respondent, v. ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD, Defendant and Appellant; WILLIE WARD et al., Real Parties in Interest.

Charles P. Just, Chief Counsel, for Defendant and Appellant.

Stanley Mosk, Attorney General, and Wiley W. Manuel, Deputy Attorney General, for Plaintiff and Respondent.

SULLIVAN, J.—The Alcoholic Beverage Control Appeals Board, hereinafter referred to as appeals board, appeals from an order of the Superior Court of the City and County of San Francisco denying its motion for a change of venue from the City and County of San Francisco to the County of Sacramento, made and entered in a proceeding for a writ of prohibition or in the alternative a writ of mandate commenced by Malcolm E. Harris, Director of the Department of Alcoholic Beverage Control. The prevailing party below, who is the respondent here, will be referred to as the department.

We are presented with the question whether in this proceeding between a department of the state government represented by the Attorney General and a state agency represented by its own counsel, section 401 of the Code of Civil Procedure applies so as to prescribe proper venue in the City and County of San Francisco. We conclude that it does and that the order of the trial court should be affirmed.

We set forth the background of the controversy as disclosed by the allegations of the department's petition: On June 17, 1959, Willie Ward and Beatrice Ward applied to the Department of Alcoholic Beverage Control for an on-sale beer license for premises in Port Chicago, Contra Costa County. The matter came on for hearing before a hearing officer of the department who recommended that the application be denied. On December 17, 1959, the department formally adopted the decision of the hearing officer. On January 27, 1960, the Wards filed an appeal with the appeals board, appellant herein. On January 29, 1960, the department filed a motion with the appeals board to dismiss the appeal on the ground that it was not timely filed, which motion was denied on April 8, 1960.

The department filed its petition for a writ of prohibition and/or a writ of mandate against the appeals board and the Wards in the Superior Court for the City and County of San Francisco on May 20, 1960, and obtained issuance of an alternative writ of prohibition against the appeals board alone. Thereafter the appeals board moved for a change of venue to the County of Sacramento which motion was denied on

July 13, 1960. The Wards made no motion for change of venue and did not join in the motion of the appeals board.

Appellant contends here that: (1) section 401 of the Code of Civil Procedure is not applicable; (2) even if it were applicable, subdivision (2) of section 401 would require a transfer of the proceedings to Sacramento County, and (3) since section 401 is in fact not applicable, venue must be prescribed in Sacramento County under sections 393 and 395 of the Code of Civil Procedure.

We note preliminarily that the appeal herein was taken before the 1961 amendments to the Code of Civil Procedure covering review of an order granting or denying a motion to change place of trial, adding section 400 and making a corresponding revision in section 963 of said code. Applying the statute as it read at the time of this appeal it is of course well settled that the order denying appellant's motion for a change of venue is an appealable order. (Code Civ. Proc., § 963, subd. 2, as last amended by Stats. 1951, ch. 234, § 1; *deVall* v. *Security-First Nat. Bank*, 121 Cal.App.2d 682 [263 P.2d 910] ; 3 Witkin, Cal. Proc., p. 2164.)

*Subdivision (1) of section 401 of the Code of Civil Procedure is applicable.*

The provisions of the Code of Civil Procedure governing the place of trial of civil actions apply generally to proceedings for writ of review, mandate and prohibition. Section 1109 of the Code of Civil Procedure found in title I of part III of said code which title deals with such writs, provides " [e]xcept as otherwise provided in this title'' that the provisions of part II of the code which includes sections 392-401 appertaining to the place of trial of civil actions "are applicable to and constitute the rules of practice'' in respect to writs of review, mandate and prohibition. We therefore proceed to examine the basic venue rules.

Subdivision (1) of section 401 of the Code of Civil Procedure provides: *"Whenever it is provided by any law of this State that an action or proceeding against the State or a department, institution, board, commission, bureau, officer or other agency thereof shall or may be commenced in, tried in, or removed to the County of Sacramento, the same may be commenced and tried in any city or city and county of this State in which the Attorney General has an office."* (Emphasis added.)

The foregoing section, added to the code in 1947, attempts to achieve a convenience for litigants, by, in effect, establishing

three places of trial, i.e., the City and County of San Francisco, the Counties of Los Angeles and Sacramento—instead of one—the County of Sacramento—not only in actions against the state and its agencies (subd. (1)) but also in actions by the state and its agencies (subd. (2)). (1 Witkin, California Procedure, pp. 715 et seq.; 37 Cal. L. Rev., p. 102; *Report of State Bar Committee on Administration of Justice*, 1945-46, 21 State Bar. J., pp. 166, 180.)

Appellant contends that subdivision (1) of the section is inapplicable here because (a) there is no statute specifically naming Sacramento as the county in which the appeals board shall or may be sued, and (b) subdivision (1) was not intended to apply where the defendant state agency is not being represented by the Attorney General.

We turn to the first contention. ▮▮▮ It is the duty of the courts within the framework of the statutes passed by the Legislature, to interpret the statutes so as to make them workable and reasonable. (*Burns* v. *Massachusetts etc. Ins. Co.*, 62 Cal.App.2d 962, 971 [146 P.2d 24]; 45 Cal.Jur.2d 615.) [▮▮ Apparently no case has construed the opening words of the statute—"Whenever it is provided by any law of this State . . ." The parties have not referred us to, nor has our research disclosed, any such decision.

Appellant's interpretation that these words mean a statute specifically naming Sacramento as the county for the commencement or trial of an action or proceeding would result in a very narrow and limited operation of the statute and substantially affect its workability. According to the above report of the State Bar Committee recommending the adoption of the present section 401 (21 State Bar J., pp. 166, 180) the section by offering additional forums in San Francisco and Los Angeles would promote the convenience of, and eliminate financial hardship for, litigants who would otherwise have to commence and try their cases in Sacramento County and at the same time effect a decentralization of business in the public interest. Our attention has been called to relatively few statutes which specifically name Sacramento County for venue purposes. We are at a loss to understand how appellant arrives at the conclusion that there are many such statutes (appellant cites very few in its briefs) and accordingly we do not feel called upon to explore all the statutory field, a task which should be appellant's.[1]

---

[1] The author of the comment in 37 Cal.L.Rev. 102, 107 (cited by appellant) calls attention to the fact that out of 40 state agencies then listed

Appellant relies upon *Duval* v. *Contractors State License Board,* 125 Cal.App.2d 532 [271 P.2d 194], in support of its contention that subdivision (1) of section 401 applies only when a statute names Sacramento County for venue purposes. We do not agree. In *Duval,* appellant, a contractor with his principal place of business in San Bernardino County, sought a writ of mandate there to review the revocation of his license. The court reversed an order changing place of trial to Los Angeles County on the basis the venue was prescribed in San Bernardino under subdivision (1)(b) of section 393 of the Code of Civil Procedure, the proceeding being against a public officer for an act done by him in virtue of his office. The court reversed on the ruling in *Cecil* v. *Superior Court,* 59 Cal. App.2d 793 [140 P.2d 125], to the effect that the proper venue "is the county in which he carries on the business and in which he will be hurt by the enforcement of the order" (p. 799), in that case, San Bernardino County.

The respondent board in the *Duval* case contended that the proceeding fell within section 16050 of the Government Code (now § 651) which prescribed Sacramento venue in certain types of cases on written demand of the Attorney General and that therefore since the proceeding was thus triable in or removable to Sacramento County, it was by virtue of subdivision (1) of section 401 properly triable in Los Angeles County where the Attorney General maintained offices. In other words, prescribed venue in Sacramento County was a condition to the assertion of section 401 venue in Los Angeles County. The court held that the proceeding did not fall within section 16050 of the Government Code which dealt with claims against the state on express contracts and for negligence as set forth in section 16041 of the Government Code (now § 641) and hence no substitute forum in Los Angeles could be asserted under section 401. *Duval* did not hold that subdivision (1) of section 401 applies only where a statute *names* Sacramento County as the place of trial. The respondent board sought to bring its case within section 16050 because no other statute, including the general venue statutes, provided for Sacramento venue. On the contrary, as the court held, the proper venue for the proceeding was in San Bernardino County (and possibly Riverside County where the contractor had a branch

---

in Government Code, section 11501, subdivision (b), statutory provisions fixed place of trial for only four. The number of "enumerated agencies" in said section as now effective has risen to 55. Appellant does not favor us with any current analysis of them as to place of trial.

office) by virtue of the provisions of subdivision (1)(b) of section 393 of the Code of Civil Procedure, which provides that in an action against a public officer for an act done in virtue of his office, the proper county for trial is where the cause or some part arose.

We are of the opinion that the Legislature did not intend a limited meaning and therefore a curtailed application of subdivision (1) of section 401. If it had, it could have easily used language to that effect, as for example "whenever any law of this state *names* Sacramento County." We believe that a limited application of the statute is irreconcilable with its object, namely, to enhance the convenience of litigants. (Report of State Bar Committee, *supra.*)

Nor does the fact that some statutes do specifically name Sacramento County, impel us to conclude that section 401 was meant to apply only to litigation arising under such statutes to the exclusion of large numbers of litigants for whom litigation against the state and its agencies would remain inconvenient and expensive. In the interpretation of statutes, courts are permitted to consider, among other factors, the consequences that will flow from a particular interpretation. (*Estate of Ryan,* 21 Cal.2d 498, 513 [133 P.2d 626] ; 45 Cal. Jur.2d 631.) A restrictive construction defeats the objects of the statute and produces senseless and expensive litigation situations. In transitory actions against state boards, commissions, departments and agencies the ordinary venue rules apply. (See 1 Witkin, California Procedure, p. 717.) This presents situations quite different from local actions (e.g., actions against public officers for official acts brought in the county where the action arose under Code Civ. Proc., § 393, subd. (1)(b) ; *cf. Duval* v. *Contractors State License Board, supra*). In such transitory actions, the state agency or board involved, being usually located in Sacramento County, can assert venue there on the basis of residence in such county. (Code Civ. Proc., § 395.)

If the restrictive construction of section 401, urged on us by appellant, were followed, since no statute specifically *named* Sacramento County, the provisions of subdivision (1) of section 401 could not be invoked and litigants bringing such actions or proceedings against state agencies would be forthwith faced with change of venue based on the agencies' residence in Sacramento and compelled to accept such venue irrespective of the fact that they lived or had their places of

business at a great distance from such county. (We do not discuss, since it is a separate consideration, the power of the court to change venue for other reasons, as, for example, provided in Code Civ. Proc., § 397, subds. 2, 3 and 4.) By way of example, a resident of San Diego or Imperial County would be required to have his action tried in Sacramento instead of the nearer and more convenient County of Los Angeles where the Attorney General maintains an office. Similarly, a Marin or Monterey County resident would have to accept Sacramento instead of the more convenient City and County of San Francisco. Many similar examples suggest themselves. It is unreasonable and even absurd to say that in the above situations, litigants from all over California must have their proceedings against state agencies tried in Sacramento County when under subdivision (1) of section 401 they could select two alternative forums nearer to their residence or place of business, more convenient for the conduct and preparation of their litigation and certainly involving less expense. This may or may not result in additional expense to the defendant agency. If it does, we think that the offering of a new implement of venue under subdivision (1) of section 401, in line with the purpose and object of the statute, is an overriding consideration.

We are of the opinion that the words "whenever it is provided by any law" are purposely broad and encompass two types of situations: First, that in which Sacramento County is named by such law as the county for the commencement, trial or removal of an action or proceeding; and second, that in which, by a provision of law, namely by the operation of the general rules of venue, found in the Code of Civil Procedure, Sacramento is the county where such action or proceeding is properly triable. Such a construction makes the statute workable and helpful to litigants and is consonant with its purpose to liberalize venue by providing extra convenient forums. This appears to be the interpretation placed on section 401 by Witkin, California Procedure, which states in volume 1, at pages 716-717 ". . . when an action is brought *against* the state, agency or officer, the crucial question in nearly all cases is *whether it is provided by law that the action is triable in Sacramento.* If it is, C.C.P. 401 applies and the proper venue is Sacramento, San Francisco or Los Angeles."

We next examine appellant's contention that subdivision (1) of section 401 was not intended to apply to actions or proceedings not being defended by the Attorney Gen-

eral. This is of particular significance to appellant which has its own counsel. While practical considerations might raise the question as to why venue in actions against state agencies represented by their own counsel should be fixed in relation to the Attorney General's offices, the answer to appellant's contention is that such a method of prescribing venue was for the Legislature to determine. If the Legislature had desired to limit the application of subdivision (1) of section 401 and the substitute forums therein provided to actions defended by the Attorney General, it could easily have so declared. Presumably the Legislature was aware that some state agencies are not represented by the Attorney General. (Gov. Code, § 11040, permits employment of their own counsel with written consent of the Attorney General.) Courts can assume that the Legislature in enacting a statute knew the existing laws. (*Buelke* v. *Levenstadt,* 190 Cal. 684, 689 [214 P. 42].)

On oral argument, appellant for the first time contended that subdivision (1) of section 401 is inapplicable where the state itself commences an action or proceeding against a state agency. Appellant gives no reason or authority for such contention. We feel that the broad language of the statute includes state as well as nonstate plaintiffs and that if any limitation had been intended by the Legislature, it could easily have been provided for. We do not propose to engraft upon the statute special limitations covering intra-governmental controversies and thereby possibly complicate its function as an implement of venue. To give acceptance to the last contentions of appellant, we would have to add to the statute under consideration qualifications not therein expressed. (Code Civ. Proc., § 1858; *People* v. *One La Salle etc. Sedan,* 23 Cal.App.2d 237 [72 P.2d 766].)

We hold therefore that subdivision (1) of section 401 of the Code of Civil Procedure applies not only where a statute specifically names Sacramento County as the county where an action or proceeding against the state or its agencies shall or may be commenced, tried or removed but also where such actions and proceedings are properly triable in Sacramento under the general rules of venue. We further hold that the statute should be thus applied irrespective of whether there is a state or nonstate plaintiff or whether the defendant agency is represented by the Attorney General or its own counsel.

*This proceeding is properly triable in the City and County of San Francisco.*

We proceed to apply the general rules of venue and the foregoing statute (Code Civ. Proc., § 401, subd. (1)) to the case at hand. We note at the outset appellant's contention that Sacramento County is the proper place of trial. This contention has two bases: subdivision (1)(b) of section 393 of the Code of Civil Procedure (i.e., county where a cause against a public officer arose) and section 395 of said code (county of appellant's residence). If in fact Sacramento is the county to which the instant proceeding shall or may be removed under the general rules of venue, then the condition for the operation of subdivision (1) of section 401 has been satisfied and the instant proceeding has been properly commenced and is properly triable in the City and County of San Francisco.

Section 393 of the Code of Civil Procedure provides: "(1) Subject to the power of the court to transfer actions and proceedings as provided in this title, the county in which the cause, or some part thereof, arose, is the proper county for the trial of the following actions: . . . (b) Against a public officer or person especially appointed to execute his duties, for an act done by him in virtue of his office . . ."

The above section is not applicable here. [██] It has been narrowly construed to apply only to affirmative acts which directly interfere with the personal rights or property of the person complaining, to acts done as distinguished from acts threatened. (*Bonestell, Richardson & Co.* v. *Curry,* 153 Cal. 418, 420 [95 P. 887]; *Cecil* v. *Superior Court, supra,* 59 Cal. App.2d 793; *State Commission in Lunacy* v. *Welch,* 154 Cal. 775 [99 P. 181]; *McMillan* v. *Richards,* 9 Cal. 365, 420-421 [70 Am.Dec. 655].) ██ In the present proceeding the department seeks a writ of prohibition to restrain the appeals board from taking further action in connection with the appeal of the Wards, or, from another point of view, seeks a writ of mandate enforcing dismissal of the appeal. Considered under either aspect, the proceeding does not fall within section 393. (See 1 Witkin, California Procedure, p. 718.)

[██] We next consider venue based on the residence of the appeals board in Sacramento. Section 395 of the Code of Civil Procedure provides: "(1) In all other cases, except as in this section otherwise provided, and subject to the power of the court to transfer actions or proceedings as provided in this title, the county in which the defendants, or some of

them, reside at the commencement of the action, is the proper county for the trial of the action. . . ." Appellant states that Sacramento is the county of appellant's residence but offers no supporting authority. Respondent does not question the statement. We deem it necessary to examine the question ourselves.

It is clear that the principal office of the Alcoholic Beverage Control Appeals Board is located at Sacramento. This is fixed by 4 California Administrative Code, section 175, promulgated under the authority of section 23077 of the Business and Professions Code. In appellant's affidavit of merits supporting its motion for change of venue, it is stated that the sole office of appellant is in Sacramento. In *Yedor* v. *Ocean Acc. & Guar. Corp.*, 85 Cal.App.2d 698 [194 P.2d 95], the court reversed an order denying a motion for change of venue from Los Angeles County to the City and County of San Francisco made by the State Compensation Insurance Fund, one of the defendants, holding that San Francisco was the residence of said defendant since its principal office for the transaction of business was fixed there by statute. In *De Campos* v. *State Comp. Ins. Fund*, 75 Cal.App.2d 13 [170 P.2d 60], cited in the *Yedor* case, the Third District Court of Appeal, in reversing an order denying motion for change of venue, made a similar determination on the reasoning that San Francisco was the location of the executive offices of the fund and that the residence of the fund was the same as its principal place of business. In *Gallup* v. *Sacramento etc. Drainage Dist.*, 171 Cal. 71 [151 P. 1142], cited in *De Campos* and relied upon in *Yedor*, the district created by an act of the Legislature and neither a private nor municipal corporation but a "body corporate and politic" moved for a change of venue from Yolo to Sacramento County on the ground of legal residence in the latter. The Supreme Court reversed an order denying such motion, holding in effect that the reclamation board which managed the district had its office and therefore its principal place of business in Sacramento which was the same as its legal residence, and stating at page 75: "The seat of government of the corporation, its principal place of business, is thus fixed in Sacramento County, and it must be held that such county is the one in which it resides, regardless of the fact that its property is located in several counties." (See also 1 Witkin, California Procedure, p. 717, where the writer in the discussion of the applicability of ordinary venue rules to

state agencies apparently equates agency location in Sacramento to residence there for assertion of residence venue.)

We think that the reasoning of the foregoing cases is applicable to the proceeding before us and that Sacramento County, where appellant's principal and in fact sole office is located, constituted appellant's residence for venue purposes. (Code Civ. Proc., § 395.) Since therefore this proceeding "shall or may be . . . tried in, or removed to the County of Sacramento" under ordinary venue rules, under section 401, subdivision (1) "the same may be commenced and tried" in the City and County of San Francisco.

Appellant urges that if we conclude subdivision (1) of section 401 applies to this proceeding, then subdivision (2) also applies and compels transfer of the cause to Sacramento County. Appellant cites no case to support this contention. We have difficulty following appellant's reasoning. Subdivision (2) of section 401 of the Code of Civil Procedure provides: "Whenever it is provided by any law of this State that the State or a department, institution, board, commission, bureau, officer or other agency thereof shall or may commence an action or proceeding in the County of Sacramento, the same, on motion of the defendants or some of them, shall be removed for trial to the county or city and county in which the Attorney General has an office nearest to the county in which the defendants or some of them reside or have their principal office in this State."

It appears from the above language that the operation of the statute depends upon the commencement of an action or proceeding in Sacramento County whereupon certain rights of removal are provided the defendants. The above subdivision (2) therefore has no application to the proceeding before us which was commenced not in Sacramento County but in the City and County of San Francisco.

Since we conclude that proper venue is in the City and County of San Francisco, we find it unnecessary to discuss such venue in relation to the Wards who have not objected to it.

We hold therefore that under the provisions of the ordinary venue rules and in particular of section 395 of the Code of Civil Procedure, this proceeding by the department against the appeals board was properly triable in Sacramento County, the residence of the appeals board, and that such being the case, by virtue of the operation of subdivision (1) of section 401 of the Code of Civil Procedure, this proceeding is properly

commenced and triable in the City and County of San Francisco.

The order denying appellant's motion for a change of venue is affirmed.

Bray, P. J., and Tobriner, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 7, 1962.