**STRAUS FAMILY CREAMERY, et al., Plaintiffs,**

v.

**William B. LYONS, Defendant.**

**No. C02–1996 BZ.**

United States District Court, N.D. California.

Sept. 6, 2002.

Robert M. Chilvers, Aviva Cuyler, Chilvers & Taylor, PC, San Rafael, CA, for plaintiffs.

Linda Berg, Ellen M. Peter, California Attorney General's Office, Sacramento, CA, for defendant.

## ORDER DENYING MOTION TO TRANSFER

ZIMMERMAN, United States Magistrate Judge.

Before the court is defendant's motion to transfer this matter to the Eastern District of California, Sacramento Division, pursuant to 28 U.S.C. § 1404(a).[1] Section 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Factors considered in making this determination include:

(1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

*Royal Queentex Enter. Inc. v. Sara–Lee Corp.*, 2000 WL 246599 at *2 (N.D.Cal. Mar.1, 2000) (citations omitted).

Defendant argues that this action could have been brought in the Eastern District, and that transferring this action would make it more convenient for defendant's witnesses and provide easier access to rel-

evant evidence. Defendant also argues that judicial economy would be promoted because Judge Garland Burrell of the Eastern District is familiar with the milk pooling regulatory scheme from a previous case. Plaintiffs do not dispute that this action could have been brought in the Eastern District. Rather, plaintiffs argue that in light of the strong presumption favoring plaintiff's choice of forum *see Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.1986); *Royal Queentex Enter. Inc.*, 2000 WL 246599 at *2–3, the convenience to the parties and witnesses, access to proof and judicial economy all weigh in plaintiffs' favor.

Wherever this action is tried, someone will be inconvenienced. Plaintiffs have filed declarations that plaintiff Straus is a small family business located in Marin County and that plaintiff Horizon, a Colorado corporation, does a substantial portion of its business in the Bay Area and regularly has representatives come to San Francisco. Plaintiffs also aver that most of their witnesses will be representatives of other small organic dairies in Marin or Sonoma County, that their documents are similarly located and that their counsel is in Marin. Defendant produced a longer list of potential witnesses, most of whom are either employed by defendant or are expert witnesses. Most of defendant's witnesses are located in the greater Sacramento area and defendant's documents are located in Sacramento. Neither side will be terribly inconvenienced, since Sacramento and San Francisco are only 90 miles apart. Since no witness actually lives in San Francisco and only three appear to actually live in Sacramento, almost everyone will have to travel somewhere. The question then is whether the inconvenience to the defendant is significantly greater

---

1. The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings including entry of final judgment pursuant to 28 U.S.C. § 636(c).

than the inconvenience to the plaintiffs so as to outweigh the respect I must accord plaintiffs' choice of forum.

Section 401 of the California Code of Civil Procedure, the exception to California's general venue rule when the defendant is the State or an agency of the State, states in relevant part:

> Whenever it is provided by any law of this State that an action or proceeding against the State or a department, institution, board, commission, bureau, officer or other agency thereof shall or may be commenced in, tried in, or removed to the County of Sacramento, the same may be commenced and tried in any city or city and county of this State in which the Attorney General has an office.

Cal.Civ.Proc.Code § 401(1)(Deering 1991). This section applies "when the normal rules of venue allow trial [in Sacramento County], as when the 'residence' of the agency is in Sacramento." *Regents of the Univ. of Cal. v. Superior Court*, 3 Cal.3d 529, 535, 91 Cal.Rptr. 57, 476 P.2d 457 (1970). *See also Harris v. Alcoholic Beverage Control Appeals Bd.*, 197 Cal.App.2d 759, 767, 18 Cal.Rptr. 151 (1961). It also applies regardless of "whether the defendant agency is represented by the Attorney General or its own counsel." *Harris*, 197 Cal.App.2d at 767, 18 Cal.Rptr. 151.

The purpose of § 401 and related statutes governing venue in actions against state agencies "is to afford to the citizen a forum that is not so distant and remote that access to it is impractical and expensive. To that end, such provisions should be liberally construed in favor of the private litigant." *Regents of the Univ. of Cal.*, 3 Cal.3d at 536, 91 Cal.Rptr. 57, 476 P.2d 457. The California State Bar Committee on Administration of Justice, in recommending the enactment of § 401, stated

that "it is a severe financial hardship to require litigants to have their cases tried at Sacramento. Certainly as between the State and the individual, the State should and can afford any added expense involved." *Id.* at 537, 91 Cal.Rptr. 57, 476 P.2d 457 (quoting Comm. on Admin. of Justice, 1945–46, Annual Report, 21 State Bar J. at 161, 180 (1946)). While § 401 is a state venue rule, at the very least it amounts to a determination by the California legislature that its state agencies will not be unduly inconvenienced if required to defend actions away from Sacramento, in locations where the Attorney General is officed. Indeed, defendant has in the past defended the milk regulatory scheme in Los Angeles and Riverside.[2]

Defendant has also failed to persuade me that all the witnesses that defendant proposes to call will be needed. A review of the pleadings suggests that legal disputes are likely to dominate over factual disputes, a point which neither party seriously disputed during argument. The parties estimate that the trial will take five days, which suggests that they realistically do not expect to call all their proposed witnesses. And as noted below, Judge Burrell decided his case on summary judgment.

Finally, I find that the burden venue will create can be better borne by defendant's employees and experts than by small dairy farmers, such as Straus and plaintiffs' witnesses.

Defendant also argues that a transfer to Sacramento would promote judicial economy because it could result in the assignment of this matter to Judge Burrell, who some years ago presided over a lawsuit challenging a different portion of the milk pooling regulations. I need not decide whether defendant is judge shopping, as

---

**2.** *See Ray v. Parker*, 15 Cal.2d 275, 101 P.2d 665 (1940); *Jersey Maid Milk Prod. Co. v. Brock*, 13 Cal.2d 620, 91 P.2d 577 (1939);

*Golden Cheese Co. v. Voss*, 230 Cal.App.3d 547, 281 Cal.Rptr. 587 (1991).

plaintiffs complain. Suffice it to say that defendant has failed to establish that this matter would be reassigned to Judge Burrell or that Judge Burrell has such substantial experience with the milk pooling regulations that it would promote judicial economy for him to preside over the matter. I note that Judge Burrell decided his case on summary judgment in 1999. There is no indication in the record that he ever engrossed himself in the many matters alluded to in defendant's brief.

Balancing all these factors, I find that the inconvenience to plaintiffs if this matter were transferred to Sacramento would substantially outweigh the inconvenience to defendant if this matter remains in San Francisco. Accordingly, **IT IS HEREBY ORDERED** that defendant's motion to transfer is **DENIED**.