[No. H028833. Sixth Dist. Apr. 20, 2006.]

STATE BOARD OF EQUALIZATION, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
BARNESANDNOBLE.COM, LLC, Real Party in Interest.

COUNSEL

Bill Lockyer, Attorney General, Randall P. Borcherding and David Lew, Deputy Attorneys General, for Petitioner.

No Appearance for Respondent.

McManis Faulkner & Morgan, James McManis, Michelle Tidalgo and Jessica Valenzuela Santamaria for Real Party in Interest.

OPINION

**MIHARA, J.**—Real party in interest barnesandnoble.com (BN) filed an action against petitioner State Board of Equalization (Board) in which it sought a refund of state sales and use taxes. The Board filed a motion to transfer the action to superior court in the County of San Francisco, which the trial court denied. The Board seeks a writ of mandate and/or prohibition directing respondent Santa Clara County Superior Court to vacate its order and enter a new order granting the motion. Under Revenue and Taxation Code section 6933, tax refund actions may be brought "in any city or city and county of this state in which the Attorney General has an office."[1] We conclude that the appropriate venue for this action is in those cities or cities

---

[1] All further statutory references are to the Revenue and Taxation Code unless otherwise stated.

and counties in which the Attorney General maintains an office of legal staff. The Attorney General maintains an office of legal staff in San Francisco, but not in San Jose. Thus, we issue a peremptory writ of mandate directing the superior court to vacate its order denying the Board's motion to transfer.

## I. Statement of Facts

On December 16, 2004, BN brought an action against the Board for the refund of sales and use taxes. BN alleged that venue was proper in the County of Santa Clara, because the Attorney General maintained an office at 2025 Gateway Place in San Jose. This office is a branch office of the Bureau of Narcotics Enforcement, and none of the Attorney General's legal staff is employed at this office. Within 30 days following service of BN's complaint, the Board brought a motion to transfer the action to the County of San Francisco. Following a hearing, the trial court denied the motion.

## II. Discussion

### A. Standard of Review

A party aggrieved by an order granting or denying a motion to change the place of trial may petition this court for a writ of mandate requiring trial of the matter in the proper court. (Code Civ. Proc., § 400; *Calhoun v. Vallejo City Unified School Dist.* (1993) 20 Cal.App.4th 39, 41 [24 Cal.Rptr.2d 337].)[2] An appellate court reviews such an order under the abuse of discretion standard. (*Ford Motor Credit Co. v. Superior Court* (1996) 50 Cal.App.4th 306, 308 [57 Cal.Rptr.2d 682].) A trial court abuses its discretion when venue is mandatory in a county other than the county where the action has been brought. (See *id.* at pp. 309–310.)

### B. Background

The Attorney General directs and controls the California Department of Justice, which is comprised of the Office of the Attorney General, the Division of Law Enforcement, and the Division of Gambling Control. (Gov.

---

[2] Relying on *Calhoun v. Vallejo City Unified School Dist., supra,* 20 Cal.App.4th 39, BN argues that writ review is inappropriate in the present case. In *Calhoun,* the appellant appealed from an order denying his venue motion. (*Id.* at p. 41.) The *Calhoun* court held that the ruling was nonappealable, and could only be reviewed by a petition for writ of mandate. (*Ibid.*) In contrast to *Calhoun,* here the Board has properly filed a petition for writ of mandate.

Code, §§ 15000, 15001.) As the state's chief attorney, the Attorney General is responsible for "all legal matters in which the State is interested . . . ." (Gov. Code, § 12511.) Thus, the Attorney General has the duty to defend all actions in which the state or one of its officers is a party. (Gov. Code, § 12512.) In order to perform this duty, the Attorney General is authorized to maintain an "Office of the Attorney General" and to appoint assistant attorneys general and deputy attorneys general for the "proper performance of the duties of his office." (Gov. Code, § 12502.) The Attorney General currently maintains offices for legal staff in Sacramento, Los Angeles, San Francisco, San Diego, Oakland, and Fresno.

In addition to his duties as the state's chief attorney, the Attorney General is the state's chief law officer. (Cal. Const., art. V, § 13.) To perform his duties in this capacity, he maintains the Division of Law Enforcement, which is comprised of several bureaus devoted exclusively to law enforcement, including the Bureau of Narcotics Enforcement, the Bureau of Investigations, and the Bureau of Forensic Services. The Bureau of Narcotics Enforcement combats drug trafficking and drug laboratories, monitors companies whose distribution of chemicals may be used to manufacture illegal substances, coordinates drug enforcement activities in a particular jurisdiction, investigates medical personnel who divert controlled substances from legitimate channels to the illicit market, assists in money laundering investigations, eradicates illegal marijuana cultivation, and apprehends violent criminal offenders. The Bureau of Narcotics Enforcement has nine regional offices, which are in Fresno, Los Angeles, Orange, Redding, Riverside, Sacramento, San Diego, San Francisco and San Jose. It also operates 37 regional narcotics task forces.[3]

### C. Section 6933

Section 6933 provides in relevant part that "the claimant may bring an action against the board on the grounds set forth in the claim in a court of competent jurisdiction in any city or city and county of this state in which the Attorney General has an office for the recovery of" any refund.

In construing a statute, we must ascertain the Legislature's intent in order to carry out the purpose of the law. (*Cummins, Inc. v. Superior Court* (2005) 36 Cal.4th 478, 487 [30 Cal.Rptr.3d 823, 115 P.3d 98].) To do so, we must first examine the language of the statute. (*Hunt v. Superior Court* (1999) 21 Cal.4th 984, 1000 [90 Cal.Rptr.2d 236, 987 P.2d 705].) If the language is

---

[3] The Bureau of Forensic Services operates 11 laboratories in various regions throughout the state, including Redding, Eureka, Chico, Sacramento, Santa Rosa, Central Valley, Berkeley, Freedom, Fresno, Santa Barbara, and Riverside. The Bureau of Investigations has eight regional offices, which are in Redding, Sacramento, San Francisco, Fresno, Los Angeles, Riverside, San Diego, and Imperial.

not ambiguous, "we presume the Legislature meant what it said, and the plain meaning of the statute governs. [Citation.]" (*Ibid.*) However, "if the statutory language permits more than one reasonable interpretation, courts may consider various extrinsic aids, including the purpose of the statute, the evils to be remedied, the legislative history, public policy, and the statutory scheme encompassing the statute. [Citation.] In the end, we ' "must select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences." ' " (*Torres v. Parkhouse Tire Service, Inc.* (2001) 26 Cal.4th 995, 1003 [111 Cal.Rptr.2d 564, 30 P.3d 57].)

The interpretation of a statute is a question of law, which we review de novo. (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432 [101 Cal.Rptr.2d 200, 11 P.3d 956].)

■ The Board argues that venue is appropriate under section 6933 only in those cities or cities and counties where the Attorney General maintains a legal staff to defend the state and its agencies, that is, Sacramento, Los Angeles, San Francisco, San Diego, Oakland, or Fresno. BN contends, however, that venue also includes those cities or cities and counties where there are branch offices of the Department of Justice under the Attorney General's direction, such as the Bureau of Narcotics Enforcement office in San Jose. Since section 6933 does not specify the type of office that establishes the place of trial, we first turn to the legislative history of the statute to determine the Legislature's intent.

■ When the Legislature originally enacted section 6933 in 1941, it authorized a claimant to bring an action for a tax refund against the Board "in a court of competent jurisdiction in the County of Sacramento." (Stats. 1941, § 1, ch. 36, p. 554, eff. July 1, 1943.) The Legislature then amended section 6933 in 1957 to fix venue for such actions in "any city or city and county of this state in which the Attorney General has an office." (Stats. 1957, § 6, ch. 807, p. 2021.) Thus, the amendment expanded the number of jurisdictions in which a claimant could bring a refund action. At the same time, the Legislature acknowledged the Attorney General's statutory duty to defend the Board in all actions for tax refunds by fixing venue where he has an office. (Gov. Code, § 12512.) In considering the type of office that was intended by the Legislature, we observe that section 6933 contemplates tax litigation, not enforcement of California's drug laws. There simply could be no rational purpose for the Legislature to establish the place of trial in a tax refund action in a city or city and county where a branch office of the Bureau of Narcotics Enforcement is located. This agency, which is devoted to the enforcement of

the state's drug policies, does not assist in the defense of tax refund actions.[4] Thus, we interpret "office" to include only those offices that include the Attorney General's legal staff. This interpretation satisfies the legislative intent to provide a greater number of jurisdictions for claimants in tax actions while ensuring the efficient operation of the Attorney General's office.[5]

■ In determining the Legislature's intent, we may also be guided by the use of identical language in another statute. (*Quarterman v. Kefauver* (1997) 55 Cal.App.4th 1366, 1371 [64 Cal.Rptr.2d 741].) Code of Civil Procedure section 401 provides that whenever an action involving the state is required by law to be commenced in or removed to the County of Sacramento, it may be commenced in or tried in "any city or city and county of this State in which the Attorney General has an office." As one commentator has noted, section 401 was enacted to alleviate the hardship on litigants created by the exclusive venue in Sacramento, and that, when this statute applies, "the proper venue is Sacramento or San Francisco or Los Angeles (cities and counties in which Attorney General currently has an office)." (3 Witkin, Cal. Procedure (4th ed. 1997) Actions, § 780, p. 966; see also Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 1997) ¶ 3:541.) Case law has interpreted section 401 in the same manner. (*Regents of University of California v. Superior Court* (1970) 3 Cal.3d 529, 535, and fn. 4 [91 Cal.Rptr. 57, 476 P.2d 457] [actions under § 401 may be brought in Sacramento, San Francisco, Los Angeles, and San Diego]; see also *Harris v. Alcoholic Beverage Control Appeals Board* (1961) 197 Cal.App.2d 759, 762–763 [18 Cal.Rptr. 151] (*Harris*).) Thus, the identical language of section 401 has been interpreted to include only the Attorney General's law offices.

BN's reliance on *Harris, supra,* 197 Cal.App.2d 759, is misplaced. In *Harris,* the plaintiffs' application for a liquor license was denied by the Department of Alcoholic Beverage, and they appealed to the Alcoholic Beverage Controls Appeals Board. (*Id.* at p. 761.) The Department filed a motion to dismiss the appeal, which was denied. (*Ibid.*) After the Department sought prohibition or mandamus against the Appeals Board in San Francisco, the Appeals Board moved for a change of venue to Sacramento. (*Ibid.*) The

---

[4] BN argues that a broader interpretation of section 6933, which would allow venue where there is an office of the Bureau of Narcotics Enforcement, expands the available forums for claimants and thus is not an absurd statutory interpretation. While BN's interpretation would expand the available forums, it does not take into account that the statute authorizes venue in tax litigation cases.

[5] We are not persuaded by BN's contention that it is not restricted to filing its claim in jurisdictions in which the Attorney General has a law office, because section 6933 does not refer to the Office of the Attorney General. Section 6933 also does not refer to an office of the Bureau of Narcotics Enforcement or the Division of Gambling Control.

*Harris* court interpreted Code of Civil Procedure section 401 as authorizing trial in the County of Sacramento, and thus the action could be brought in Sacramento, San Francisco or Los Angeles where the Attorney General had offices. (197 Cal.App.2d at p. 766.) As BN points out, the court recognized that the statutory purpose was to provide for the convenience of private litigants. (*Id.* at pp. 762–763.) However, the court's interpretation of section 401 restricted the choice of jurisdictions to those in which the Attorney General had an office for his legal staff. (197 Cal.App.2d at pp. 762–763.) Thus, *Harris* does not support BN's position.[6]

## III.   Disposition

Let a peremptory writ of mandate issue directing the superior court to vacate its order denying the motion to transfer and to enter a new order granting the motion. The stay is dissolved. The Board shall recover its costs as the prevailing party.

Bamattre-Manoukian, Acting P. J., and McAdams, J., concurred.

---

[6] Relying on *Regents of University of California v. Superior Court, supra,* 3 Cal.3d 529, 536, BN asserts that section 6933 "should be 'liberally construed in favor of the private litigant.' " However, BN fails to acknowledge that this case interpreted section 401 to establish venue in cities or cities and counties where the Attorney General has law offices. (3 Cal.3d at p. 535, fn. 4.)